# SUPREME JUDICIAL COURT,

### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1872, AT PITTSFIELD.

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. JOHN WELLS,    ⎫
Hon. JAMES D. COLT,  ⎬ Justices.
Hon. MARCUS MORTON, ⎭

## SAMUEL A. SMITH vs. WILLIAM PIERCE.

One who enters a house by permission of the owner, does not become a trespasser *ab initio*, by doing wrongful acts in relation to personal property therein against the owner's opposition.

TORT for breaking and entering the plaintiff's close. Trial in the Superior Court, before *Brigham*, C. J.

The defendant introduced evidence tending to show "that he let the plaintiff have a piano to use for an indefinite time, upon a certain agreed rent, and that the rent was not paid as promised." The plaintiff introduced evidence tending to show "that he did not hire the piano, but purchased it of the defendant, and had made him payments thereon."

It appeared that in October 1870 the plaintiff was adjudged a bankrupt; that on December 5, 1870, his property was duly con-

veyed to his assignee, and the plaintiff delivered up to his as-
signee the piano as a part of his property ; that the assignee did
not remove the property, but left it in the plaintiff's dwelling-
house, in the care of the plaintiff, subject to the authority of the
assignee.

The defendant introduced evidence tending to show that on
December 20, 1870, he went to the plaintiff's house, in the ab-
sence of the plaintiff, rang the door bell, was admitted by the
servant in charge of the house into the hall, demanded the piano,
and in a quiet manner and without any unnecessary act removed
and carried it away. The plaintiff introduced evidence tending
to show that the servant forbade the defendant's taking the piano.
There was conflicting evidence whether or not the door of the
room in which was the piano was locked, and whether or not the
defendant unlocked it.

The defendant requested the judge to instruct the jury as fol-
lows : " 1. If the plaintiff hired the piano for an indefinite time,
then the duration of such hiring would be at the pleasure of
either party, and the piano being at the plaintiff's house, and the
money agreed to be paid for its use not being paid as agreed, the
defendant might lawfully enter the premises where the house was,
and might enter the house in a quiet and peaceable manner to
notify the plaintiff of his intention to terminate the plaintiff's
right to the further use of the piano and to take the same away.
2. If the plaintiff hired the piano and then, contrary to the right
of the defendant, assumed to be the absolute owner of it, and
upon his voluntary bankruptcy treated it as his absolute prop-
erty and turned it over to his assignee, such act and claim termi-
nated his right to possession and the defendant had a right to
enter the premises to demand and take his piano in a quiet and
peaceable manner.  3. If the defendant, claiming the piano, went
to the house and rang the door bell, and the door was opened by
one in charge of the house, who admitted the defendant to enter,
and, being so entered, the defendant claimed and took the piano
in a quiet and peaceable manner, then this action for a trespass
to real estate cannot be sustained, even though objection was
made to a removal of the piano after such entry."

The court refused to give the instructions as prayed for, but gave them modified by the following additional instructions, to wit: "An entry by the defendant into the plaintiff's house, either expressly permitted or unopposed by the person placed in the keeping of the house by the plaintiff, and acts in relation to personal property in said house which were lawful, would not be a trespass; but if, after such an entry into the house, the defendant was opposed in remaining in the house, or opposed in proceeding from one part to another part of the house, whatever he did in thus remaining or proceeding against opposition would be a trespass; and a forbidding or prohibition in words by the person in keeping of the house would be an opposition which, if resisted or not yielded to, would constitute a trespass in the party resisting or not yielding to such opposition.

" If the defendant made an entry into the plaintiff's house, permitted or unopposed, and, having thus entered, did acts in relation to personal property therein, which were wrongful, and were opposed by the person in keeping of the house, he was a trespasser upon the house."

The jury returned a verdict in favor of the plaintiff, and the defendant alleged exceptions.

*M. Wilcox*, (*S. W. Bowerman* with him,) for the defendant.

*A. J. Waterman*, (*J. M. Barker* with him,) for the plaintiff.

WELLS, J. The case of *McLeod* v. *Jones*, 105 Mass. 403, decides that title to personal property and right of present possession do not alone, as matter of law, confer a legal right or license to enter the close of another for the purpose of taking possession and removing it.

So far as the court, in this case, adopted the second proposition of the defendant's prayers, the instructions were too favorable to him. A hiring of personal property does not of itself confer upon the bailor a license to enter the premises of the bailee to retake it, upon the termination of the bailment in any mode. Without proof of the terms and circumstances of the bailment, *non constat* that such was the contract of the parties; and if not to be derived from their contract, a license would not result from wrongful conduct, such as is suggested in the defendant's proposition.

But adopting this proposition, as the court appears to have done, the license so given could not be revoked; and the defendant would not become a trespasser, after being admitted into the house, by remaining for the purpose of removing the piano, although opposed; nor by proceeding, without violence, to another room and removing the piano, although forbidden to do so.

It is not clear, from the exceptions, whether the modifications, with which the court gave the instructions prayed for, were intended to apply to them all, or only to the last one. Apparently the judge had in mind only the permission to enter, given by the person in charge of the house, who admitted the defendant. If it was intended or understood that the second proposition of the defendant's prayers was to be so modified, then the instructions were erroneous in that respect.

We do not decide the case upon this point, it being sufficient to indicate the distinction; as a new trial will be necessary on account of the other instruction. That instruction is as follows: "If the defendant made an entry into the plaintiff's house, permitted or unopposed, and, having thus entered, did acts in relation to personal property therein, which were wrongful, and were opposed by the person in keeping of the house, he was a trespasser upon the house."

This proposition is applicable only to an authority or license given by law. One who abuses a license by contract or permission of the owner of land, by taking advantage of it to do some wrongful act to personal property, does not thereby become a trespasser *ab initio.* Applied to this case, the instruction is wrong. The action is for trespass to the close, and not for a tort in respect to personal property.             *Exceptions sustained.*