## HOUGHTON Z. SMITH *vs.* CARRIE HALE.

## SAME *vs.* SAME.

Franklin. November 30, 1892. — March 1, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Trespass — Exchange of Personal Property — Warranty — Breach — Rescission
— Vendor and Vendee.*

If an exchange of personal property has been rescinded for breach of warranty, and the warranted article has been returned to its original owner, and a restoration of the article taken by him in exchange has been demanded and refused, the person entitled to such restoration may enter upon the land of the other and take away his property, if this can be done without a breach of the peace or actual opposition.

If the vendor of a wagon warrants it to carry a certain weight, and it breaks down under a less weight, the fact that it has thus broken down does not prevent a rescission of the purchase and a return of the wagon to the vendor.

A jury may rightly find that a vendee relied upon a warranty, although he does not, at the trial, testify in express terms that he did.

At the trial of an action for trespass, it appeared that the plaintiff exchanged his wagon for the defendant's heifer, and warranted it; that the wagon broke down, and about three weeks afterwards the defendant returned it to the plaintiff's premises in that condition, and demanded the heifer, which the plaintiff refused to give up; and that the defendant, in the plaintiff's absence, entered upon his premises and took the heifer away. The defendant admitted that she must show that she offered seasonably to return the wagon to the plaintiff and demanded of him the heifer. The plaintiff asked the judge to instruct the jury that, "in order to rescind the contract the defendant was bound within a reasonable time to restore to the plaintiff the buggy [wagon] in as good condition as she received it." The judge refused to give this instruction, and instructed the jury that, if they were satisfied that the plaintiff made a warranty of the wagon, and the defendant relied upon the warranty in making the trade, and there was a breach of the warranty, "that would authorize the defendant to return the wagon to the plaintiff, and to demand of him the heifer which she traded for it in return, and it would be his duty to receive the property and give the heifer back." *Held*, that the plaintiff had no ground of exception.

A purchaser of an article may examine it for himself, and exercise his own judgment upon it, and at the same time may protect himself by taking a warranty.

TWO ACTIONS. The first was tort for breaking and entering the plaintiff's close in Conway, and the second was replevin of a heifer. The cases were tried together in the Superior Court, before *Maynard*, J., who allowed a bill of exceptions, in substance as follows.

It appeared that, on October 10, 1890, the plaintiff exchanged a buggy wagon with side springs for a heifer of the defendant ; and that both wagon and heifer were delivered.

There was evidence tending to show that the buggy had been used five or six years, and the plaintiff had owned it about six months ; that the springs were each a single leaf of steel, of a pattern unfamiliar to the defendant ánd her husband, who was present when the exchange was negotiated ; that some fear being expressed as to the sufficiency of the springs by the defendant or her husband, the plaintiff said either, " It will carry you and your wife and a hundred of meal, and I 'll warrant it," or, " It will carry you and your wife and one or two hundred of meal, and schack right along, and I 'll warrant it " ; and that one or the other of these expressions was used by the plaintiff three or four times during and towards the end of the interview, which lasted an hour or more, at the time of the exchange.

There was also evidence tending to show that the only statement made by the plaintiff in which the word warrant was used was in this form, " I 'll warrant it to carry you and your wife and a hundred of meal," and that it was made only once.    The defendant contended that the plaintiff's statement, in whichever of the above forms it was made, constituted an express and special warranty of the buggy, which the plaintiff denied, and contended that there was no warranty of any kind.  The defendant did not state in her testimony whether or not she relied on the alleged warranty in making the contract of exchange, and made no statement with reference to such reliance.    It appeared that the exchange was negotiated on premises occupied by the defendant and her husband ; that the buggy was before them during the whole negotiation ; that the defendant's husband, at her request, rode in the buggy with the plaintiff for half a mile or a mile to try it ; that also during the negotiation the defendant's husband, in her presence, got down on the ground under the buggy, and examined the iron and wood work, and on getting up said, in his wife's presence, " I tell you, they made buggies when that was built," and also in his wife's presence spoke of the manner in which the body of the buggy was fastened to the springs as a good point about the buggy ; that the defendant's husband had previously examined the buggy ;

and that, after the remarks by him above referred to, when asked by his wife during the negotiation what she had better do, he replied, " Well, if you want a buggy, I don't know as you can do better than trade, but you are to use your own judgment."

It also appeared that, three days after the exchange, the defendant broke one of the springs of the buggy while in use ; that the same day, after consultation with counsel, she had a conversation with the plaintiff, in which she asked him if he did not warrant the buggy, and what he was going to do about the broken spring ; and that the plaintiff and the defendant then agreed that certain repairs of the buggy should be made by the plaintiff, either a new spring furnished, or a new spring furnished and put in place. The evidence as to the terms of this agreement was contradictory. There was also evidence tending to show that, two or three weeks later, the defendant asked the plaintiff why he did not carry out his agreement to repair the buggy ; that he claimed to have done so ; that, several days after this last conversation, the defendant, claiming a right to rescind the contract for breach of warranty, took the buggy, with one spring broken, to the plaintiff's premises, left it there against his orders, and demanded the heifer ; that the plaintiff refused to give up the heifer, and forbade the defendant to take it ; and that on the following day the defendant, in the absence of the plaintiff, entered upon his premises and took the heifer out of his barn, doing no damage except what is to be inferred from such entry against the plaintiff's will.

It also appeared that, on the day the spring broke, the plaintiff, after he knew of the break, told one Alden that he warranted the buggy to carry the defendant, her husband, and a hundred of meal.

Upon all the evidence, the defendant contended that she relied upon the alleged warranty as an inducement to the formation of the contract of exchange ; and the plaintiff contended that no such reliance was proved, and that it appeared that the defendant formed the contract, relying upon her own judgment after inspection and examination of the buggy by her husband and herself.

The plaintiff requested the judge to instruct the jury as follows : " 1. If there was in the case no oral testimony from the

defendant of any reliance by her upon the alleged warranty, they should find for the plaintiff. 2. In order to rescind the contract, the defendant was bound, within a reasonable time, to restore to the plaintiff the buggy in as good condition as she received it. 3. Where a purchaser inquires for himself and acts upon his own opinion, he cannot say that he has been misled by a false statement of another ; and if he inspects and examines the article for himself, and selects it after exercising his own judgment upon its character and quality, the vendor only warrants that the article, so far as he knows, is what it appeared to be, and what he believed it to be at the time he sold it."

The judge declined to give the instructions requested, but instructed the jury, in substance, as follows : " A warranty may be made without any set form of words. It is not necessary to use the words ' I warrant,' but when a person who has an article for sale makes a representation of fact in regard to the article as true, and the party who is buying the article relies upon that representation as an inducement for the purchase or sale, that would be a warranty for which the plaintiff would be liable in case of any breach. Now if you are satisfied from the evidence that the plaintiff made a certain warranty of that wagon, and that the defendant relied upon that warranty in making the purchase of the wagon or trade, and that there was a breach of that warranty, that would authorize the defendant to return the wagon to the plaintiff, and to demand of him the heifer which she traded for it in return, and it would be his duty to receive the property and give the heifer back. The defendant claims that there is a warranty of a certain kind. The burden is upon her to show that there is a warranty. Whatever proposition is set up by her, she must maintain by a fair preponderance of the evidence."

The defendant admitted that she must show that she offered seasonably to return the buggy to the plaintiff, and demanded of him the heifer, and both counsel argued to the jury as to whether such seasonable return was shown. It also appeared in evidence that the buggy was not used by the defendant after the spring was broken, and there was no evidence, nor any claim made, that the wagon was not in as good condition when returned as when taken by the defendant, except the condition of the spring,

or that the defendant then objected to the return as too late. No instruction was asked as to the time at which the buggy was to be returned, except as above stated, and none was given, but the case was argued to the jury on the ground that the defendant, in order to entitle her to the right to rescind the contract, must show that she had done it within a reasonable time, regard being had to all the circumstances of the case.

At the conclusion of the charge, the plaintiff called the judge's attention to his omission to give the third instruction requested, in view of his contention that the defendant made the exchange relying on her own judgment; but the judge declined further to instruct the jury upon that point.

The plaintiff further requested the judge to instruct the jury, "that if the defendant had a right to rescind her contract, and resume the ownership of the heifer, she had no right to enter the plaintiff's close to retake the heifer, and was liable in this action if she so did."

The judge refused to give this instruction, but instructed the jury as follows: " Now if it is true that, at the time when she took this heifer away, he was the owner of it, and she had no right to the possession of it, if you find that to be the fact, he is entitled to maintain his action, and the verdict should be for the plaintiff; and if, on the other hand, you should find upon all the evidence that the heifer did not belong to him, but belonged to the defendant, she would have the right to come upon his premises, committing no breach of the peace and breaking no doors or bars, or anything else, and if she had a right to the possession of the heifer, she would have a right to do what she did in taking it away. . . . But if you find that there was a breach of the warranty, and that she relied upon the warranty in purchasing the wagon, and if you find that that breach of the warranty never was settled, then she would have a right to return the wagon and demand her heifer back. And if he refused to give it up to her, she would have a right to enter upon his premises, if she could do it peaceably in the manner described by her, and take the heifer away, and he would have no right of action against her."

The jury returned a verdict for the defendant in each case; and the plaintiff alleged exceptions.

*F. L. Greene*, for the plaintiff.

*S. T. Field*, for the defendant.

ALLEN, J.   It is settled in this Commonwealth that a breach of warranty upon a sale of personal property authorizes the purchaser to rescind the contract and return the article, although there was no express agreement to that effect, and no fraud. *Bryant* v. *Isburgh*, 13 Gray, 607.   It has been found in this case that there was such breach of warranty and right of rescission. The bill of exceptions states that there was evidence tending to show that the defendant, claiming a right to rescind, left the buggy upon the plaintiff's premises, and demanded the heifer, and that the plaintiff refused to give up the heifer and forbade the defendant to take it.   Though it is not expressly stated in the bill of exceptions that these facts appeared to be true, yet the plaintiff's brief relies on the plaintiff's prohibition as proved, and assumes the truth of the above facts, and therefore we assume them to have been proved.

The most important question in the case is, whether on these facts the defendant had a right to enter upon the plaintiff's premises and reclaim her heifer.   We are of opinion that she had.   It is true that it has been held that, where nothing appears except that the goods of one person are upon the land of another, the owner of the goods has no implied license from the owner of the land to enter and take them away.   *Anthony* v. *Haneys*, 8 Bing. 186.   2 Greenl. Ev. § 627.   And this rule has been applied to the case of a mortgage of personal property before foreclosure, if the goods have been left in the mortgagor's possession.   *McLeod* v. *Jones*, 105 Mass. 403.   But after foreclosure the mortgagee has an implied irrevocable license to enter and carry away his goods.   *McNeal* v. *Emerson*, 15 Gray, 384.   Where a piano was hired for an indefinite time, with no agreement giving to the owner a right to enter the hirer's premises and reclaim the piano without prior demand or notice, it was held that he had no implied license to do so.   *Smith* v. *Pierce*, 110 Mass. 35.   But where one sells personal property which is on his own land, the purchaser has an implied license to enter, and take it away.   *Nettleton* v. *Sikes*, 8 Met. 34.   *Giles* v. *Simonds*, 15 Gray, 441.

In the present case, on the facts assumed, the defendant had a right to the possession of her heifer under her bargain with

the plaintiff, and it was the plaintiff's duty to restore it, and the defendant had demanded it, and the plaintiff had refused to deliver it, and in this state of things under the agreement between them the law gave to the defendant a right to enter and take away the heifer in the way in which she did it. *Drake* v. *Wells*, 11 Allen, 141. *Heath* v. *Randall*, 4 Cush. 195. Cooley on Torts, 50 *et seq.*

The plaintiff further contends that the defendant's right of rescission was lost because the buggy was broken, and therefore was not returned to him in the same condition in which it was when the defendant took it. But the breaking of the spring was just what the plaintiff had warranted against. It occurred without the defendant's fault. Under these circumstances, the plaintiff cannot complain of the accident to the buggy. *Head* v. *Tattersall*, L. R. 7 Ex. 7. *Elphick* v. *Barnes*, 5 C. P. D. 321.

The first instruction requested was rightly refused. The jury might well find from the evidence that the defendant relied on the warranty, though in her testimony she did not say in express terms that she did so.

The plaintiff's second request for instructions was that " in order to rescind the contract the defendant was bound within a reasonable time to restore to the plaintiff the buggy in as good condition as she received it." He now raises the objection that the judge did not say to the jury that the return of the buggy must be within a reasonable time. But there was no controversy at the trial on this point. The defendant expressly conceded the doctrine as to reasonable time. The stress of the request turned upon the last portion of it, as to the condition of the buggy. It is true, that theoretical accuracy would have required a statement that the return must be within a reasonable time, if indeed that question was to be submitted to the jury at all. But the jury could not have been misled by the omission, and there is no occasion to grant a new trial on this ground.

The plaintiff's third request does not contain a correct statement of the law, applicable to the case. In the first place, there was no question of fraud, and no instructions on that hypothesis were called for; and as to the remainder of the request, it is enough to say that a purchaser of an article may examine it for

himself, and exercise his own judgment upon it, and at the same time may protect himself by taking a warranty.   The refusal to give the instructions requested was entirely right.   *Harrington v. Smith*, 138 Mass. 92, 98.

*Exceptions overruled in both cases.*