J. B. PITCHER *vs.* WALLACE E. WEBBER.

Androscoggin.    Opinion October 12, 1907.

*Sales.    Misrepresentation.    Rescission.    Redelivery.*

1.   Material misrepresentation as to its qualities by the vendor of a chattel, made to induce the vendee to purchase, gives the vendee a right to rescind the sale within a reasonable time after the misrepresentation is discovered.

2.   Such misrepresentation by a person selling the chattel for the owner also gives a right to rescind the sale.

3.   To effect a rescission of a sale it is not necessary actually to redeliver the property to the vendor at the place where delivered by him, if he declares he will not accept redelivery.    In such case it is enough for the vendee to offer a redelivery, and, if refused, to hold the property subject to the vendor's order.

4.   To preserve a right to rescind a sale it is not necessary for the vendee to rescind immediately upon the first discovery of some material misrepresentation.    He may waive that and yet rescind upon subsequent discovery of other material misrepresentations.

5. When upon notice of some material representation the vendor suggests further investigation or trial, the vendee may take a further reasonable time therefor without waiving his right to rescind the sale.

6. If the property sold is damaged while in the possession of the vendee without his fault, he is not obliged in order to rescind the sale, to repair the damage before redelivery or offer of redelivery to the vendor.

On exceptions and motion by defendant. Exceptions sustained. Motion not considered.

Assumpsit on account annexed to recover the sum of $750 for an automobile alleged to have been sold and delivered by the plaintiff to the defendant.

Plea, the general issue together with a brief statement setting up, as a defense, breach of warranty, no delivery or acceptance, the statute of frauds and rescission, the defendant also stating in his brief statement that he claimed to recoup certain sums laid out by him on the automobile, and also to recoup "whatever expense he may be put to in the defense of this action, including a reasonable amount for counsel fees and for cost of witnesses, and for such further and special damage as he may be able to prove on the trial hereof."

Tried at the April term, 1907, of the Supreme Judicial Court, Androscoggin County. Verdict for plaintiff for $526.25. During the trial the defendant excepted to certain rulings made by the presiding Justice, and also after verdict against him filed a general motion to have the verdict set aside.

The case appears in the opinion.

*Mc Gillicuddy & Morey*, for plaintiff.

*George C. Webber*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, SPEAR, CORNISH, JJ.

EMERY, C. J. This was an action for the price of an automobile alleged to have been sold and delivered to the defendant. Three issues of fact were raised at the trial, viz: (1), whether there was a delivery of the automobile, (2), if a delivery, whether there was such misrepresentation in the sale as authorized the defendant to rescind, and (3), if such right of rescission, whether the defendant

seasonably effected a rescission. This last issue was taken from the jury by a ruling of the presiding Justice that even if there was a right of rescission it had not been effectually exercised. The correctness of this ruling upon the evidence for the defendant is the question presented by the exceptions. That evidence was to the following effect:

The plaintiff was the owner of an automobile at Saginaw, Michigan. The defendant lived in Lewiston. Mr. Nudd, also of Lewiston, and acting for the plaintiff, in the spring of 1906 urged the defendant to purchase the automobile, and, to induce him to purchase, represented that it was a White machine of the 1904 model, was in perfect running order, had never met with an accident or been injured in any way, and was in perfect shape. The defendant thereupon agreed to buy the machine. It was shipped from Saginaw to Mr. Nudd at Lewiston and there received by him and taken to a garage, and there subsequently put in the possession of the defendant. Upon trial, the machine proved to be unworkable and imperfect and through its imperfections was damaged without any fault upon the part of the defendant. Inasmuch as the machine could not be repaired at Lewiston it was sent, with Mr. Nudd's concurrence, to the makers in Boston. Upon its arrival there the defendant received a telegram from the makers that the machine was a 1903 instead of 1904 model. This telegram was shown Mr. Nudd who declared it to be impossible, and by consent the matter was allowed to rest until the defendant should go to Boston in person, which he did a few days afterward. Arriving there the defendant found, as was the fact, that the machine was a 1903 machine and otherwise different from the representations of Mr. Nudd. He at once wrote his brother in Lewiston to tender the machine back to Mr. Nudd as not according to his representations, and had the machine shipped back to Lewiston. The brother received the letter in due course of mail and immediately went to Mr. Nudd, read the letter to him, and said in behalf of the defendant that they "were ready to deliver the machine anywhere he said," and further "to ship it anywhere he said." Mr. Nudd replied: "I have nothing whatever to do with it at all in any way." He

further said Mr. Pitcher (the plaintiff) was the man for them to deal with ; that he (Nudd) had nothing to do with it, and wouldn't. The brother then said :   "Then you won't accept the machine here anyway?"   to which Nudd replied :   "No, sir.   I have nothing to do with it."   Immediately after this conversation the defendant wrote to the plaintiff at Saginaw, Michigan, apprising him of the misrepresentations of Mr. Nudd and of his desire and intention on that account to return the machine, and offering to deliver it to any person and at any place the plaintiff would name.   The plaintiff wrote in reply that he would not take the machine back, that he did "not propose to do anything of the sort."

The defendant did not take the machine to Mr. Nudd nor did he ship it to the plaintiff at Saginaw but allowed it to remain in his barn in Lewiston where it has since remained unused, untouched and uncalled for.

That, upon the evidence above stated, the jury might reasonably have found that the defendant had a right to rescind the contract of sale for misrepresentations is not questioned.   The plaintiff, however, invoked at the trial the general rule that to effect a rescission of a sale by the vendee he must redeliver the article to the vendor at the place where the vendor delivered it to him, and contended that as no such redelivery was made in this case no rescission was effected. Such redelivery is undoubtedly the vendor's right, but it is a right he may waive ; and, if upon the vendee's offer to redeliver the article by way of rescission of the sale, he plainly gives him to understand that such redelivery would be useless, that it would not be accepted, he does waive the right.   The law does not require useless acts or words, and, taking the vendor at his word, it cannot matter to him where the article is left, at least until he withdraws his refusal to accept it.   *Milliken* v. *Skillings*,   89 Maine, 183.

At the trial the defendant claimed that the statements of the plaintiff and Mr. Nudd, upon his offers to return the machine, justified him in assuming that an actual redelivery of the machine would be nugatory and useless and that, therefore, the rescission was effected without actual delivery back.   The presiding Justice, however, ruled otherwise and instructed the jury as matter of law

that for want of actual redelivery of the machine to the plaintiff or Mr. Nudd, no rescission was effected. We think the ruling was erroneous and clearly prejudicial to the defendant. It is apparent from the evidence that the jury might reasonably have found that the plaintiff and his agent Nudd had in advance plainly refused to accept redelivery, and thus had waived it. In such case an actual redelivery would not be essential to an effective rescission. The question of waiver should have been submitted to the jury.

The whole evidence was made a part of the bill of exceptions, and the plaintiff urges that, even if there was a waiver of redelivery, no rescission was effected because of omission of other essentials as disclosed by the evidence. He claims that the effort to rescind was not made within a reasonable time. A vendee, however, is not bound to rescind upon the first discovery or supposed discovery of some one imperfection or misrepresentation. He is entitled to time for inquiries, experiments and tests. He can waive imperfections or misrepresentations first discovered and yet be afterward entitled to rescind upon the discovery of others. Suggestions from the vendor, or his agent, to make further inquiries or trials would also extend the time for rescission. In this case there was evidence that within a day or two after finally satisfying himself that, despite the assurances of the plaintiff's agent Nudd, the machine was not as represented, the defendant sought to return it. Certainly, we should not say as matter of law he was too late. *Boles* v. *Merrill*, 173 Mass. 491; *Matteson* v. *Holt*, 45 Vt. 336 ; *Sandwich* v. *Kelley*, 26 Ill. App. 394.

The plaintiff further claims that the machine had been damaged by the defendant, and that he could not rescind without restoring it to its former condition, that a refusal to receive it in its damaged condition should not be construed as a refusal to receive it with damages all repaired. The jury, however, upon the evidence stated might reasonably have found that the damaged condition of the machine was owing to its own imperfections and not at all to any fault of the defendant. In such case the defendant could rescind the sale by returning the machine in its damaged condition. *Smith* v. *Hale*, 158 Mass. 178.

No other omission of essentials is urged by the plaintiff, and upon the whole case we are satisfied that the exceptions must be sustained.

*Exceptions sustained.*