[No. 11576. Department One. June 27, 1914.]

CHARLES E. BURNLEY, *Appellant*, v. ROBERT C. SHINN, *Respondent*.[1]

SALES—RESCISSION—BY PURCHASER. There can be no rescission by the purchaser of an automobile, seeking to recover the purchase price because of fraud in the sale, where it was badly damaged while in his possession, so that the parties cannot be placed in *statu quo.*

SALES—WARRANTY—DAMAGES—MEASURE. There can be no recovery of damages for breach of warranty of an automobile, in the absence of evidence showing either its market or reasonable value.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 11, 1913, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Churchill & Davis*, for appellant.

*John P. Hartman* and *Arthur E. Nafe*, for respondent.

MAIN, J.—This is an appeal by the plaintiff from a judgment of the superior court entered in favor of the defendant, Robert C. Shinn.

On the 17th day of July, 1912, the respondent, doing business as "Kent Motor Car Company," sold and delivered to the appellant a second hand "Tourist" automobile, for the agreed price of $300. Of the purchase price, $50 was paid

[1]Reported in 141 Pac. 326.

in cash, and two notes for $125 each given for the balance. Subsequently the notes were endorsed and sold to the State Bank of Kent, Washington. At the time of the sale, the appellant testifies that the automobile was represented to him to be "in first-class order." The respondent admits that it was represented to be "in good condition." After taking possession of the automobile, the appellant experienced much trouble in its operation. On the 20th day of August, 1912, the machine, in a badly damaged condition, was returned to the garage operated by the respondent. The appellant then wrote a letter to the respondent stating that he should put the car in order so as to pass an expert and that the appellant would pay for the damage done to the woodwork. The car had been damaged while being towed in from some distance out in the country. At the time, the respondent's son was guiding the car, and while looking back in an effort to get his coat from the rear seat, the car ran into a ditch and was turned over.

The appellant, in his proposed findings presented to the superior court, recognized his responsibility for this damage. On the 17th day of November, 1912, this action was instituted for the purpose of recovering the sum of $300, the amount of the purchase price, together with interest. After the issues were formed, the cause was tried to the court without a jury. Judgment was entered in favor of the respondent for repairs and storage, amounting to $33.35, from which the appeal is prosecuted.

The action was originally brought against both Robert C. Shinn and W. J. Shinn, but at the conclusion of the appellant's testimony a nonsuit was granted as to the latter, to which there appears to be no objection.

The appellant claims that the car was warranted to him to be in first-class condition, and that there was a breach of this warranty. From the complaint, it is not clear whether the action is one for damages for breach of warranty, or for the recovery of the purchase price based upon a rescission.

In the trial court, both parties seem to have proceeded upon the theory of a rescission. For the purposes of this opinion, it will be assumed, but not decided, (a) that there was a warranty as to the condition of the car; (b) that there was a breach of the same; and (c) that, even in an executed contract for the sale of a specific chattel, a rescission can be had for a breach of warranty even though unaccompanied by fraud or an agreement to rescind. A rescission cannot be had where the property, while in the possession of the purchaser, has been damaged to such an extent that the parties cannot be placed in *statu quo*. 2 Mechem, Sales, § 1805; 35 Cyc. 440; *Bradley v. Palen*, 78 Iowa 126, 42 N. W. 623. Under the facts in this case, no rescission could be had, even if it be conceded that the evidence shows such an attempt. The car at the time of its return to the garage of the respondent had been greatly damaged through a fault chargeable to the appellant.

But if the action may be considered one for damages for a breach of the warranty, no different result would follow. The purchase price of the car was $300. If it were not worth this sum, obviously it was of some value. There is no evidence showing either market or reasonable value, in the absence of which there would be nothing to sustain a judgment for damages.

We think, also, that the evidence fairly sustains the judgment entered in favor of the respondent for repairs and storage.

The judgment will therefore be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.