# Meador & Son *v.* Standard Oil Co.

### Assumpsit.

(Decided May 18, 1916.  72 South. 34.)

1. **Evidence; Declaration of Agents; Corporations.**—Declarations of agents of a corporation are not competent evidence against a principal, unless made while in the discharge of their duties in and about the particular transaction, and within the scope of their authority, so as to constitute a part of the res gestae.

2. **Same; Breach of Warranty; Res Gestae.**—Where the action was by a corporation for the price of gasoline, and the defense was breach of warranty as to quality, declarations of agents of the corporation made subsequent to the sale are not part of the res gestae and are inadmissible.

3. **Sale; Breach of Warranty; Evidence.**—Where the action was for the purchase price of gasoline, and the defense was for breach of warranty as to quality, evidence that the gasoline was not of the quality warranted, and that the vendor was notified of that fact and given an opportunity to make his warranty good is admissible.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Assumpsit by the Standard Oil Company against D. J. Meador & Son. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911 (Laws 1911, p. 450) § 6. Affirmed.

The complaint was on the common counts. Plea A set up certain payments and credits as an offset against plaintiff's demand. The other pleas set up the fact that defendants were operating a sawmill and public gin, and used gasoline as a motive power to run their engine, and that they did buy gasoline from plaintiff for the purpose of running their engine, which fact was well known to plaintiff, and the purposes for which it would be used, and notwithstanding this fact plaintiff shipped to defendant

gasoline so impure and so adulterated with some other mixture unknown to defendant that their ginnery and mill was shut down for a long period of time, because of the fact that they were unable to operate the engine with the gasoline furnished by plaintiff, and that defendants had no knowledge of that fact, and did not discover the impurity of said gasoline for some time, and until December 28, 1911. They offer to set off the interest on the value of the ginnery and outfit during that period, claiming the same to be $3,000 and interest thereon of $60. Other pleas set up the same state of facts and allege additional and other damages. Objections to evidence sufficiently appear.

I. L. CANTERBURY, and TYSON & ARRINGTON, for appellant. J. M. MILLER, for appellee.

MAYFIELD, J.—There is but one assignment of error in this case, and it raises the only disputed question of law involved in the trial. The assignment is as follows: "The court erred in sustaining plaintiff's objection to the following question to witness Edwin Meador: 'I will ask you whether or not any complaints were made to the Standard Oil Company or their agents during the season of 1911 and 1912 as to the impurity of the gasoline.'"

(1, 2) Some of the questions propounded to the witness, Edwin Meador, and to the defendant's agent, Green, called for illegal evidence—that is, for the declarations of a sales agent, and conversations between Meador and the agent, after the sale was consummated. This, of course, was not binding on the defendants; the acts or conversations not being a part of the res gestæ of the sale, and not leading up to it. The rights and the liabilities of both parties, under the contract of sale, were fixed before these conversations were had, and the agent, Green, is not shown to have had authority to bind his principal by his subsequent declarations. Statements or declarations made by an agent are not admissible in evidence when they relate to transactions that are past.—*Seaboard Air Line Ry. v. Hubbard*, 142 Ala. 546, 38 South. 750. Declarations of the agents or officers of a corporation are not competent evidence against the principal, unless made within the scope of his authority and while in the discharge of his duties in and about the particular transaction of which they constitute a part of the res gestæ.—*Bessemer Coal & Iron*

[Meador & Son v. Standard Oil Co.]

*Co. v. Doak,* 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389. The admissions or declarations of an agent, when made at the time of doing an act in the execution of his authority, are binding on the principal.—*Belmont Coal & R. Co. v. Smith,* 74 Ala. 206; *A. G. S. R. Co. v. Hill,* 76 Ala. 303. But to render the declarations or admissions of the agent evidence against or binding on the principal, they must be explanatory of some contemporaneous act within the scope of his authority, or must be made while in the execution of the agency, forming a part of the res gestæ.

(3) The issue being as to the sale of gasoline, which was claimed by the defendant vendee to be of a bad quality, and therefore a breach of warranty as to quality, and the defendant seeking a set-off or recoupment on this account, it was, of course, competent for defendant to prove that the goods were not of the quality warranted, and that the vendor was notified of the fact, and given an opportunity to make his warranty good.—*Baer v. Mobile, etc., Co.,* 159 Ala. 491, 49 South. 92; Benjamin on Sales (7th Ed.) pp. 950, 961; Mechem on Sales, § 1811, p. 1447. If the court had declined to allow such proof, it would, of course, have been error; but we do not so read the record. The defendant did introduce proof to the effect that defendant complained of the quality of the gasoline sold him, and demanded that the vendor make it good. In fact, it was conceded by the plaintiff that defendant did make complaint, and demand remuneration for the breach of warranty. Moreover, the witness Edwin Meador was allowed to testify to all the competent matters that the question propounded to him, and assigned as error, would have elicited. The fact that complaint was made by the vendee of the bad quality of the goods, and that the defendant claimed damages for the alleged breach of warranty, seems to be a conceded fact; consequently, if there was any error as to the rulings complained of, they were without possible injury.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.