(82 South. 188)

STANDARD MOTORCAR CO. v. McMAHON. (1 Div. 92.)

(Supreme Court of Alabama. April 10, 1919. Rehearing Denied May 22, 1919.)

1. PRINCIPAL AND AGENT ⊕⇒120(4) — MISREPRESENTATIONS—EVIDENCE OF AUTHORITY.

Where a seller's agent represented to the buyer's son that an electric car would go 80 miles on a charge, and when the representation, which was made in the presence of the witness, was repeated to the seller's manager, he stated that the agent knew what he was talking about, the witness may, where the buyer claimed the right to rescind for fraud, etc., testify as to the representation; for, though it was not made to the buyer, yet, as the negotiations were begun through the buyer's son, it tended to establish authority in the agent to make the misrepresentations.

2. PRINCIPAL AND AGENT ⊕⇒173(2) — MISREPRESENTATIONS — RATIFICATION — EVIDENCE.

Where the seller's agent opened negotiations through the buyer's son and represented to him in the presence of a witness that an electric car would go 80 miles on a charge, held that, where the seller's manager, when the matter was referred to him, stated the agent knew what he was talking about, the witness might testify as to the agent's representation; for the evidence tended to show that the manager of the seller ratified such representation.

3. SALES ⊕⇒52(4) — MISREPRESENTATIONS—EVIDENCE.

Great latitude is allowed in the range of evidence where a buyer asserts that the seller made fraudulent representations as to the article sold.

4. SALES ⊕⇒38(2) — FRAUD — WHAT CONSTITUTES.

Under Code 1907, §§ 4298, 4299, reckless statements without knowledge or regard to their truth or falsity will be deemed fraudulent, and one who is negotiating a sale must not assert recklessly without knowledge a fact material to be known, the obligation to communicate which may arise from the confidential relation of the parties or from the peculiar circumstances.

5. TRIAL ⊕⇒60(1)—ORDER OF PROOF—RELEVANT TESTIMONY.

That evidence making relevant testimony admitted over objection was not introduced until after the admission of the testimony objected to does not render admission of such testimony erroneous.

6. PRINCIPAL AND AGENT ⊕⇒194(2) — ACTS OF AGENCY—LIABILITY OF PRINCIPAL.

Where the buyer of an electric automobile asserted that she was induced to buy through misrepresentations of the seller's agent, etc., a charge that the burden was on her to make out every material allegation of the complaint, and that it was for the jury to say whether the agent made any representation, and, if he did, whether he had authority, which the court modified by excluding any question of the agent's apparent authority, was more favorable than the seller was entitled to, and not open to objection.

7. SALES ⊕⇒316(2) — RESCISSION—GROUNDS.

Where the agent of the seller of an electric automobile made misrepresentations which entitled the buyer to rescind, held, that the buyer

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

might by an action of detinue recover specific chattels or their value delivered to the seller.

**8. Sales ⬤➾124 — Rescission — Right to Rescind.**

Where the buyer of an electric automobile was entitled to rescind because of the seller's misrepresentations, *held* that, where she had repaired a slight injury to the fender of the electric, which occurred without her fault, the fact of the injury did not preclude rescission.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Action by Grace St. John McMahon against the Standard Motorcar Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449.· Affirmed.

Gordon & Edington, of Mobile, for appellant.

Harry T. Smith & Caffey and Thornton & Frazier, all of Mobile, for appellee.

THOMAS, J. The third count was in detinue on which there was recovery of specific chattels.

[1, 2] The first assignment of error is on the overruling of defendant's objection to the following question to the witness Coffin: "I wish you would state whether or not in that conversation between Mr. Wood and Mr. McMahon in reference to the sale of this car Mr. Wood represented this electric would run eighty miles on a charge"—to which this reply was made: "Yes, sir; he made that statement." The ground of objection was that the reply thereto would be irrelevant, immaterial, incompetent, and misleading evidence. This objection is, however, rested on the insistence of defendant that any statement Wood might have made in "conversation with disinterested parties would be immaterial to the question of fraud" in the sale of the electric car by defendant's agent; and in support of the position is cited Bunzel v. Maas & Schwarz, 116 Ala. 68, 80, 22 South. 568; Robinson v. Garth, 6 Ala. 204, 211, 41 Am. Dec. 47. It will be noted of Bunzel's Case that no question of agency or fraud by an agent was involved. Mr. Chief Justice Brickell said:

"The plaintiff was not present, and the direct assertion or admission by Marks of having an interest in the notes could not affect the plaintiff whose rights were then fixed."

In Robinson v. Garth, supra, the action was by the sheriff to recover the difference between the sum bid by defendant for tracts of land sold under execution and the price for which said lands were subsequently sold on defendant's refusal to complete the first purchase. Held, that the memorandum of the original sale made by plaintiff as sheriff is not competent evidence to establish the fact that such sale was made by that official. These cases are not applicable to the instant facts.

Defendant's manager admitted that he had placed the electric car with Wood for sale by him as agent on a commission basis. Plaintiff's evidence tended to show that about a week before the car was demonstrated to her said Wood approached Otis McMahon (her son) in the presence of Coffin, and in the ensuing conversation about the sale of the car represented that it would make 80 miles on a single charge of its electric battery; that on that day McMahon had a conversation with the manager of defendant company (Kearns) in the course of which McMahon stated, "Wood said that car will go eighty miles on a charge," and Kearns replied, "Wood knows what he is talking about; he is the electric man," and further said that he (Kearns) did not know anything about electrics. Witness McMahon testified that he knew Kearns was at the time the manager in charge of the defendant company; and witness repeated to his mother what Kearns said of Wood's representation. This first approach of Wood to witness about the car in Coffin's presence was about a week prior to the time the former brought the car to plaintiff's house and demonstrated it to plaintiff and her son.

While there was evidence tending to show that Otis McMahon was not the agent of his mother in the consummation of the purchase, yet it was through him that negotiations were initiated and proceeded, and he was constantly with his mother during such negotiations, advising with reference thereto, to the time of the purchase and delivery of the car. Of this fact Wood testified, "I had a transaction with them (meaning Mrs. McMahon and Otis McMahon) relative to the sale of an Ohio Electric," the car in question, that Otis McMahon was constantly conferring with his mother in reference to the terms of the sale, and that "I was selling the automobile to both of them, I supposed." A reasonable inference that may be drawn from this and other evidence, showing that the car was placed by defendant with Wood for sale, was that the representations thereof made by Wood to Otis McMahon in the presence of Coffin, in the preliminary stage of the negotiations, were in pursuance of Wood's agency and authority to sell the car. When the conversation of Wood with Otis McMahon, in the presence of Coffin, was repeated to the manager of defendant company, that official affirmed the fact that Wood knew what he was talking about, disclaimed knowledge on his part of the mechanism of electric automobiles, and made no denial that the car in question would stand such represented or guaranteed test. When this testimony is taken in connection with the

---

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests·and Indexes

representation of Wood to Otis McMahon, in Coffin's presence, and its repetition to plaintiff, the same became relevant and was competent as tending to show authority in Wood to make the representations that were material inducements to the purchase, and one of the controverted issues upon the count in detinue. It tended, further, to show a ratification of the statement by the manager for the corporation, though the statement was not originally made in the presence of that official or of the plaintiff, but that such agent was held out by defendant company for the purpose of selling the car. Home Protection, etc., v. Whidden, 103 Ala. 203, 206, 15 South. 567; Belmont Coal & Rd. Co. v. Smith, 74 Ala. 206, 212; Meador & Son v. Standard Oil Co., 196 Ala. 365, 367, 72 South. 34; Dothan Gro. Co. v. Pilcher, 75 South. 899, 900;[1] Dadeville, etc., Co. v. Jefferson Fertz. Co., 194 Ala. 683, 69 South. 918; Postal Tel. Co. v. Minderhout, 14 Ala. App. 392, 394, 71 South. 89; Maddox v. Newton, 4 Ala. App. 454, 459, 58 South. 934.

[3, 4] The testimony was competent as tending to show a fraudulent intent on the part of the agent in making the misrepresentation to induce the sale. Great latitude is allowed in the range of evidence when questions of fraud are involved, and is indispensable to truth and justice. Nelms v. Steiner Bros., 113 Ala. 562, 573, 22 South. 435; Wollner v. Lehman-Durr & Co., 85 Ala. 274, 282, 44 South. 643; Snodgrass v. Bank, 25 Ala. 161, 174, 60 Am. Dec. 505. Good faith on the part of the seller and his agent demanded that said agent and the principal not only abstain from making positive misrepresentations of material facts, willfully to deceive or recklessly without knowledge, as to the capacity and condition of the car, but also that there be no suppression of a fact material to be known and which such seller was under obligation to communicate, in relation to the physical condition of the car, and particularly its batteries, as that was an inducement to plaintiff to enter into the contract of purchase. One who is negotiating a sale must not recklessly, without knowledge, assert a fact material to be known, the obligation to communicate which may arise from the confidential relation of the parties, or from the particular circumstances of the case, and, if suppressed, will constitute a fraud in law. It is as much a fraud in law to affirm as true that which is untrue, though not known to be so, as it is to assert as true that which is untrue and known to be so. Code 1907, §§ 4298, 4299; Greil Bros. Co. v. McLain, 197 Ala. 136, 72 South. 410; Prestwood v. Carlton, 162 Ala. 327, 332, 50 South. 254; Jordan & Son v. Pickett, 78 Ala. 331; Ball v. Farley, 81 Ala. 288, 292, 1 South. 253; Henry v. Allen, 93 Ala. 197, 9 South. 579; Corry v. Sylvia y Cia, 192 Ala. 550, 68 South. 891, Ann. Cas.

[1] 200 Ala. 151.

1917E, 1052. "Honest belief in the truth of the statement of such fact, while it exculpates from moral fault, does not relieve from the legal liability to make it good." Prestwood v. Carlton, supra. This rule has particular application to the representations as to the condition of the electric batteries of the automobile, a physical condition that could not be known by the plaintiff, inexperienced as she must or may have been in such scientific matters, and peculiarly within the knowledge of an expert agent, as Wood was, or represented by defendant's manager to be.

[5] The fact that testimony making relevant the evidence to which objection was interposed was introduced later in the trial does not render the evidence in question irrelevant when considered in connection with such subsequent testimony. If the same had been irrelevant at the time of its introduction, which we have shown not to have been, the error of its omission would have been cured by the subsequent testimony making it relevant and competent. In McCoy v. Watson, 51 Ala. 466, the rule was announced that—

"If evidence prima facie irrelevant becomes relevant at any stage of the cause, its admission is not an error which will work a reversal, although when offered and received it was irrelevant. 1 Brick. Dig. 780, § 106."

To like effect were the holdings in Belmont Coal & Railroad Co. v. Smith, 74 Ala. 206, 212; Lafayette Ry. Co. v. Tucker, 124 Ala. 514, 519, 27 South. 447.

It is unnecessary, yet not improper, to say further of this evidence that later in the trial Otis McMahon was permitted to testify to the same representations without objection.

[6] In the oral charge certain statements of law applicable to the facts were given the jury and to which exception was reserved. When the exception was taken in the first and second instances, the court modified the original statement to which exception was reserved, resulting in the final instruction that—

"The burden is on the plaintiff to make out every material allegation of the complaint, and that is that this agent was acting within the scope of his employment, made a false representation of a material fact, that plaintiff relied on that false representation and made this purchase. Whether or not he was acting within the line and scope of his authority, and whether or not he made any such representation, if he made it, and whether or not it was false, it is a question for your determination from all of the evidence and circumstances in this case, and it is for you to say from all the evidence in this case, whether Wood made any representation, and, if he did, whether or not he had any authority to make it, if he did make it and did have authority, and whether the plaintiff relied

on that representation in purchasing the automobile."

The last and modified instruction was more favorable to defendant that it was warranted in requesting. In Kramer v. Compton, 166 Ala. 216, 52 South. 351, the court had given, at the request of plaintiff, a charge saying:

"A principal is liable for the acts of his agent, done within the scope of his apparent authority." •

The court held that the charge asserted a correct principle of law, and, if misleading, an explanatory charge could have been given. St. L. & S. F. R. R. Co. v. Hall, 186 Ala. 353, 358, 65 South. 33; Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46; Garnett v. Parry Mfg. Co., 185 Ala. 326, 332, 64 South. 559; Montg. Fur. Co. v. Hardaway, 104 Ala. 100, 16 South. 29; Ga. Home Ins. Co. v. Allen, 128 Ala. 451, 459, 30 South. 537; Robinson v. Ætna Ins. Co., 128 Ala. 477, 480, 30 South. 665; King v. Livingston Mfg. Co., 192 Ala. 269, 68 South. 897; Id., 180 Ala. 118, 125, 60 South. 143; J. C. Lysle Mill. Co. v. N. A. Gro. Co., 77 South. 748, 751;[2] Crandall-Pettee Co. v. Jebeles & Colias Con. Co., 195 Ala. 152, 156, 69 South. 964; Roberts & Son v. Williams, 73 South. 502, 503;[3] Mid-Continent L. I. Co. v. Beasley, 79 South. 373;[4] Salvo v. Wilson, 189 Ala. 446, 66 South. 613; Dothan Gro. Co. v. Pilcher, supra; So. States F. I. Co. v. Kronenberg, 74 South. 63.[5] However this may be, the effect of the modified and final instruction to the jury was to eliminate the question of "apparent authority" of the agent and to positively instruct the jury that the burden was on the plaintiff to show Wood's agency, that he was acting within the scope of his employment in making the fraudulent representations in question, and that plaintiff relied on such representations as an inducement to the purchase of the automobile.

[7, 8] The detinue count was properly submitted to the jury, under the evidence, and verdict was returned thereon for the specific chattels sued for and the respective values thereof. Gwin v. Emerald Co., 201 Ala. 384, 78 South. 758.

The evidence showed without contradiction that the electric car was not in exact condition when the rescission of the sale was made and return thereof attempted as when received by Mrs. McMahon; that some slight injury to the "fender and the front of the guard" had been caused by a collision for which plaintiff was in no wise responsible. Of this plaintiff as a witness testified that the damage was slight and had been repaired at her expense. The offer to rescind and return chattels must be made within a reasonable time, and the circumstances must not have been so altered by a past execution or changed condition that the parties cannot be put in statu quo; that is, must rescind in toto, if at all. Lowe & Armstrong v. Shinault, 79 South. 22;[6] Barnett v. Stanton, 2 Ala. 181, 189; Consumers' Coal & Fuel Co. v. Yarbrough, 194 Ala. 482, 489, 69 South. 897; Stephenson v. Allison, 123 Ala. 439, 447, 26 South. 290; Fay & Egan Co. v. Independent Lbr. Co., 178 Ala. 166, 169, 59 South. 470. The statement of timely rescission made in the Fay-Egan Case has application to tendencies of evidence in the instant case where the respective parties were trying or promising to make the car operate satisfactorily and according to contract. The court said:

"The bill avers that the detention of the machine and the failure to at once offer to rescind was superinduced by an effort on the part of the respondents to demonstrate that the machine would accomplish the work as represented, and it was given an opportunity to repair or regulate the same, and, after repeated efforts on its part to make it do the requisite work, it was demonstrated that it could not, and the complainant then and there offered to rescind and demanded a restoration of the status quo."

See, also, on this point, Fuller v. Chenault, 157 Ala. 46, 47 South. 197; Jones v. Lanier, 198 Ala. 363, 73 South. 535; Thompson v. Harvey, 86 Ala. 519, 5 South. 825.

As to restoring the status quo, as nearly as could be done, by reason of the slight damage forthwith repaired by plaintiff (Consumers' Coal Co. v. Yarbrough, supra, and authorities), that damage so done without the fault of the plaintiff was repaired by her, and was not such as to prevent rescission. Magee v. Billingsley, 3 Ala. 679, 690; Athey v. Olive, 34 Ala. 711, 715; Smith v. Hale, 158 Mass. 178, 33 N. E. 493, 35 Am. St. Rep. 485; Pitcher v. Webber, 103 Me. 101, 68 Atl. 593, 595; Head v. Tattersall, L. R. 7 Ex. 7, 12; Elphick v. Barnes, 5 C. P. D. 321; 35 Cyc. 143; 43 Am. Dig. Cent. Ed. 477.

The affirmative charge requested by defendant as to recovery under the detinue count was properly refused.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

[2] 201 Ala. 222.  [3] 198 Ala. 290.  [4] 202 Ala. 35.  [5] 199 Ala. 164.  [6] 201 Ala. 593.