[No. 24556.   Department Two.   July 6, 1933.]

AMERICAN EXCHANGE BANK, *Respondent*, v. W. S. D. SMITH *et al., Appellants.*[1]

*Charles A. Spirk,* for appellants.
*Stratton & Kane,* for respondent.

BLAKE, J.—The plaintiff, as assignee of the vendor, brought this action to recover the balance of the purchase price due under a contract for the sale of an automobile. The defendants set up, by way of affirmative defense, certain alleged fraudulent representations made to them by the vendor, inducing them to enter into the contract, and prayed for rescission.

[1]Reported in 23 P. (2d) 414.

From a judgment entered on findings favorable to plaintiff, defendants appeal.

The contract of sale was dated April 6, 1931, but was actually executed April 8th. The appellants, however, had taken possession of the car on April 5th, and had paid one hundred dollars down as earnest money on that day. They paid two hundred dollars additional (being the balance of the down payment) on April 7th. The appellants were required, under the terms of the contract, to take out fire, theft and collision insurance on the car. This they did on April 8th. The contract contained the following provision:

"Should any loss, injury or damage occur to said property from any cause whatever, such loss, injury or damage shall not relieve vendee from the obligation to purchase and pay for the same according to the terms of this contract."

On April 9th, the car was stolen, and, a few days later, was found in the Skagit river in a badly wrecked condition. Under the directions of the sheriff of Skagit county, it was towed to Mount Vernon, where it has since remained.

The first deferred payment under the contract was due May 1, 1931. About that date, Sullivan, the vendor in the contract, the appellant W. S. D. Smith and his attorney met at the latter's office in Seattle. Smith and his attorney charged Sullivan with having made certain fraudulent representations concerning the make, model and condition of the car. They declared a rescission of the contract, and *then and there* tendered Sullivan the car and the insurance policy.

It may be conceded that Sullivan made the fraudulent representations claimed and alleged by appellants. It may also be conceded, for the sake of argument, that the appellants were relieved from tendering the car back at the place in Seattle where

they took possession of it, because of Sullivan's unqualified rejection of the proffered tender. Still, the tender was insufficient to entitle appellants to a rescission.

As a condition precedent to a vendee's right to rescind, he must offer to place the vendor in *statu quo*. 55 C. J. 280. Ordinarily, this means that he tender a return of the subject matter of the contract in substantially the same condition as when he received it. 2 Mechem on Sales, §§ 819, 941.

Appellants contend, however, that they are excused from a compliance with this rule, because the damage to the car occurred through no fault of theirs. While there is such an exception to the rule, it is confined to cases where the damage is due to some inherent defect in the subject matter of the contract. *Pitcher v. Webber*, 103 Me. 101, 68 Atl. 593; *Smith v. Hale*, 158 Mass. 178, 33 N. E. 493, 35 Am. St. 485; *Burnley v. Shinn*, 80 Wash. 240, 141 Pac. 326, Ann. Cas. 1916B, 96; *Noel v. Garford Motor Truck Co.*, 111 Wash. 650, 191 Pac. 828.

In the case at bar, while the damage was not due to fault of appellants, neither was it due to any defect of the car. Furthermore, in our own cases just cited, the cars had been repaired by the vendees prior to making tender. Whether this be necessary in all cases, we need not decide. Where the contract puts the hazard of damage on the vendee, and damage occurs through no inherent defect of the subject matter of the contract, the duty is on the vendee, even though the damage be due to no fault of his, to restore the property as nearly as possible to the same condition it was in when he got it. Otherwise, he is not entitled to rescind.

In view of the provision of the contract above quoted placing on appellants the responsibility for

444

damage to the car, we think the tender of the insurance policy and the wrecked car was insufficient to entitle appellants to a rescission.

The judgment is affirmed.

BEALS, C. J., MAIN, and STEINERT, JJ., concur.

TOLMAN, J., concurs in the result.