# Jesse French Piano & Organ Co. *v.* Bradley.

### *Action of Detinue.*

1. *Sale of personal property; rights and remedies of purchaser as to rescission.*—When a sale of personal property is procured by false representation as to the quality of the article sold, or through fraud, the purchaser, having acquired possession of the property, can within a reasonable time rescind such contract by tendering the property back unconditionally; but if he has made a total or partial payment he may qualify the ten-

12

der back of the property by a retention of possession thereof until a restitution is made to him of what he had paid thereon.

2. *Action of detinue; sufficiency of plet setting up rescission of contract.*—In an action of detinue to recover possession of a piano, a special plea interposed by the defendant which avers that the piano was sold by plaintiff to the defendant upon the representation that it was a new instrument and first class in every respect; that the defendant made a part payment in cash, and delivered an organ to the plaintiff on account of the purchase and executed notes for the balance due; that title to the piano was to remain in the plaintiff until the purchase price was paid in full; that upon the delivery of the piano the plaintiff ascertained it was a second-hand piano, and thereupon rescinded the contract and offered to return the piano to the plaintiff upon the latter returning to him the money he had paid and the organ, and notes which he had executed. *Held*: That such plea presents a sufficient defense to the action, and is not subject to demurrer.

APPEAL from Circuit Court of Butler.

Tried before the Hon. J. C. RICHARDSON.

This was a statutory action of detinue brought by the appellant against the appellee to recover possession of a piano. The defendant pleaded *non detinet,* and the following special plea: "And for further answer to the complaint, defendant says that he purchased from the plaintiff the piano sued for, the plaintiff as a part of the contract of purchase reserving title thereto on or about the 30th day of March, 1900; that said contract of purchase was made with one T. A. Waller, as the agent of the plaintiff; that at the time of said purchase plaintiff, through its said agent, represented to defendant that the piano was new and fresh from the factory, and that it was first class in every respect; that with this understanding and as a part of the agreement, and relying upon said representations, the defendant paid plaintiff's agent $10.00 cash, and also delivered to him an organ of the value of, to-wit, $75.00 or $80.00, and also executed two notes to plaintiff in the sum of $95.00 each, due and payable, respectively, on November 15th, 1900, and 1901; that afterwards defendant discovered that the representations of plaintiff's agent that said piano was new, fresh from the factory and first-class in every respect were un-

[Jesse French Piano & Organ Co. v. Bradley.]

true; that said piano was in point of fact a second-hand piano that had been previously sold to one White, at Brewton, Alabama, and had been used for some time; that when defendant became aware that these representations were untrue he notified plaintiff of the same, and offered to rescind said contract of sale; that he offered to turn the piano over to plaintiff at any time and demanded the return of the money paid out by him, and also the return of the organ and the note which had been executed by him; that plaintiff has failed to return said money, organ and notes, and defendant hereby offers and holds himself in readiness to turn over to plaintiff said piano sued for at any time the plaintiff will restore to him the money paid out by him, on said piano, and also the organ and notes executed by him, or the reasonable value of said organ, wherefore defendant says plaintiff ought not to recover." Plaintiff moved to strike such plea from the file upon the grounds that it was frivolous and set up no matter relevant to the issue in the case, and was no answer to the complaint. This motion was overruled, and to this ruling the plaintiff duly excepted. Thereupon the plaintiff demurred to the special plea upon the following grounds: "1st. That said plea shows on its face that the plaintiff reserved title to the property sued for, and defendant's offer to rescind was conditional. 2d. That said plea shows on its face that the plaintiff reserved the title to the property sued for and said plea fails to set up or allege any facts showing that plaintiff had parted with such title, or that the defendant was entitled to the possession of the property. 3d. That said plea shows on its face that the plaintiff reserved the title to the property sued for, but fails to allege or set up any facts which would avoid plaintiff's right to recovery. That said plea is insufficient in law." This demurrer was overruled, and to this ruling the plaintiff duly excepted.

There were verdict and judgment for the defendant. Plaintiff appeals, and assigns as error the rulings of the court upon the pleadings.

RAY RUSHTON and C. E. HAMILTON, for appellant.— The special plea of the defendant presented no defense,

and should have been stricken on plaintiff's motion. *Couch v. Davidson,* 109 Ala. 313.

D. M. POWELL, *contra,* cited *Jones v. Anderson,* 82 Ala. 302; *Eagen Co. v. Johnson,* 82 Ala. 238.

TYSON, J.—Action of detinue for a piano.

It is elementary that the gist of this action is the wrongful detention. It is also elementary that the plaintiff must have the right to the possession of the chattel, at the commencement of the suit in order to recover.

The defense invoked by the special plea filed by defendant challenges the plaintiff's right to the possession of the piano. It is true it shows a title in plaintiff to the piano, but it asserts the right of defendant to retain the possession of it until the money paid, and the organ delivered by defendant to plaintiff on account of the purchase is returned to him. It alleges a rescission of the contract of sale and an offer to return the piano to plaintiff, and a demand of the return of the money paid plaintiff, and of the organ delivered to plaintiff, and a refusal of that demand. It also contains an offer to deliver the piano at any time upon the restoration to him of the money, the organ, or its reasonable value, and the notes held by plaintiff, given by defendant for the balance of the purchase price of the piano.

In *Jones v. Anderson,* 82 Ala. 302, it is said: "When a purchase of property is made by one person from another by false pretense or other like fraud, the party defrauded may elect to rescind the sale within a reasonable time after discovery of the fraud. But there can usually be no rescission unless both parties can be restored practically to the condition in which they were before the contract was made. This involves the restoration of whatever of value each may have received under the contract."

In *Eagan Co. v. Johnson, Ib.,* 238, it is said: "If he (the purchaser) has acquired possession, he must tender it back within a reasonable time, unconditionally, if he has made no payment. If he has made payment, total or partial, he may qualify the tender back, by a retention of possession until restitution is made. For this pur-

pose and to this extent, the law allows him to retain the possession as a security."

The court correctly overruled the motion to strike the plea and the demurrer interposed to it.

Affirmed.