(77 South. 918)

HOCKENSMITH v. WINTON.    (8 Div. 445.)

(Court of Appeals of Alabama.    Feb. 5, 1918.)

1. EVIDENCE ⬅️471(3)—CONCLUSIONS—RELIANCE ON STATEMENT.

In action for deceit in misrepresenting value of stock of goods, plaintiff could properly testify that he relied on defendant's statement as an essential fact and not a conclusion.

2. WITNESSES ⬅️37(2)—KNOWLEDGE OF WITNESS.

In action for deceit by falsely representing value of stock of goods, a half interest in which was sold plaintiff, it was error to permit plaintiff to testify to the value of the goods on the date of the sale as shown by his computations from the books of the business as kept by defendant's partner, without showing plaintiff's knowledge of the correctness of such books.

3. SALES ⬅️38(2)—FRAUD—LIABILITY—SALE OF GOODS.

A vendor of a stock of goods who affirms what he does not know to be true or knows to be false, to the vendee's prejudice and his own gain, is liable in damages to the vendee.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Action by W. H. Winton against J. H. Hockensmith for damages for deceit in the sale of a one-half interest in a stock of drugs, and outstanding accounts. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The business was conducted formerly under the partnership of Hughes & Hockensmith, and Hockensmith sold to Winton, the complaint charging that Hockensmith wrongfully and fraudulently represented that the stock of goods was of the value of $4,000; that the bills payable and bills receivable were about an offset, and that there was a substantial bank account standing to the credit of the firm, whereas the stock of goods at that time did not exceed $2,000 in value; that the accounts actually owing by the firm were largely in excess of the amount owing to the firm,

and that instead of having a bank account to its credit there was an overdraft of $22; that Winton relied upon these representations and was deceived, etc. The charge made the basis of the assignment of error 21 is as follows, given at plaintiff's request:

If you find from the evidence that defendant recklessly, not knowing whether it was true or false, stated as a fact to plaintiff that the goods, wares, and merchandise owned by Hughes & Hockensmith, and located in a certain drug store in New Decatur, and in which defendant owned a one-half interest, were reasonably worth $4,100, and that the account owing to said firm amounted to $640, and that Hughes & Hockensmith only owed at that time $325, and that said firm then had in bank in cash more than was sufficient to pay said indebtedness, and you find that said statements were not true, and that plaintiff relied thereon, and was deceived and defrauded thereby, your verdict should be for plaintiff.

Callahan & Harris, of Decatur, for appellant. O. Kyle, of Decatur, for appellee.

SAMFORD, J. [1] One of the contested points in the trial was as to whether the plaintiff in the purchase of a stock of goods relied on the statements of the defendant or of the appellant's partner in business. Plaintiff was permitted to testify, over the objection of defendant, that he relied on the statement of defendant. This was an essential fact in the case, and not a conclusion, and therefore was permissible. W. U. T. Co. v. Benson, 159 Ala. 254, 48 South. 712; W. U. T. Co. v. Heathcoat, 149 Ala. 623, 43 South. 117; People v. Sully, Sheldon (N. Y.) 17; People v. Herrick, 13 Wend. (N. Y.) 87; Jones on Evidence, p. 191, § 170. There are some authorities supporting a different view, but the weight of authority in this country is to the effect that "the prosecutor may testify that he was induced to part with the property by false pretenses." 19 Cyc. 445.

[2] In making out the case for the plaintiff, it became necessary for plaintiff to prove the value of the stock of goods in which he had purchased a one-half interest from defendant at the time of purchase, some months before. In order to do this, he was permitted to testify, over the objection of the defendant, that at the time of the purchase the value of the stock of goods was $1,786.23, that— "I reached that conclusion by taking the amount of goods purchased, which is $4,376.27, and calculated 68 per cent. profit, amounting to $2,975.86, and added the amount of goods purchased to that, making a total amount of $7,352.13. Then I took the inventory taken at the time Dr. Hughes and I separated, which is $1,814, and added to that, and it makes $9,166.13. Then I took the actual sales of Hughes and Winton from October 10, 1910, to November 4, 1911, which is $7,379.90, and that leaves $1,786.23."

In arriving at this result, the court, over the objection of the defendant, permitted the plaintiff to testify that the books of Hughes and Winton showed that $4,376.26 worth of goods was purchased from October 22, 1910, to November 4, 1911, and that the books

showed $7,379.30 worth of goods sold between those dates. Plaintiff did not profess a knowledge of the correctness of the books, but it appears from the facts that the books were kept by Dr. Hughes. The admission of this evidence was error. Bolling v. Fannin, 97 Ala. 621, 12 South. 59; Lane v. May Hdw. Co., 121 Ala. 298, 25 South. 809.

The defendant objected to the introduction in evidence by the plaintiff of an inventory taken by him of his part of the stock of goods about a year after the purchase. This question was passed upon in a former appeal in this case, and, while the facts are remote, still we are not inclined to make a different ruling from the one already made. Hockensmith v. Winton, 11 Ala. App. 677, 66 South. 954.

[3] The given charge made the basis of the twenty-first assignment of error was free from error.

"He who affirms what he does not know to be true or knows to be false, to another's prejudice and his own gain, is, both in morality and law, guilty of falsehood, and must answer in damages." Munroe v. Pritchett, 16 Ala. 785, 50 Am. Dec. 203; Harton v. Belcher, 195 Ala. 190, 70 South. 141.

In which last case, it is held that the expressions in the Code do not in any way change the law in this state.

For the error pointed out, the judgment must be reversed and the cause remanded.

Reversed and remanded.