(79 South. 22)

## LOWE & ARMSTRONG v. SHINAULT.
### (8 Div. 110.)

(Supreme Court of Alabama. April 18, 1918.)

1. SALES ☞359(1)—ACTIONS FOR PRICE—EVIDENCE OF RESCISSION—SUFFICIENCY.

In an action for purchase price of a mule in which buyers claim to have rescinded sale because of misrepresentation as to condition of mule, evidence *held* insufficient to show buyers had returned, or offered to return, mule to seller.

2. SALES ☞124 — RESCISSION BY BUYER — RESTORATION OF GOODS.

Where a mule in unsound condition is sold under fraudulent representations as to its condition, the buyers must return the mule, or offer to return it, before they can rescind the contract.

3. SALES ☞124 — RESCISSION BY BUYER — RESTORATION OF GOODS.

A buyer who is entitled to rescission but is unable to return goods because of conduct of seller may rescind without restoring the goods.

4. SALES ☞124—RESCISSION—RESTORATION OF GOODS.

A buyer may exercise right of rescission without returning the goods bought where such goods are without value.

5. SALES ☞127—RESCISSION—RESTORATION OF GOODS—CONDITIONAL TENDER.

Buyers of mule in unsound condition cannot rescind sale after making tender of mule to seller coupled with an offer to keep mule provided seller reduced purchase price; such offer being conditional, and the exercise of the right of rescission depending upon an absolute tender.

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Action by I. W. Shinault against Lowe & Armstrong. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Act of April 18, 1911, p. 449. Affirmed.

Taylor & Watts, of Huntsville, for appellant. Betts & Betts, of Huntsville, for appellee.

THOMAS, J. The action was for the purchase price of a mule. The trial was had on the plea of the general issue, "with leave to offer evidence of any defense" to said cause of action. The real defense, as stated by counsel, was that the defendants rescinded the contract of purchase because of deceit practiced on them by the plaintiff, in representing the mule to be "sound," whereas is was not sound "in a material respect."

---

When the evidence was concluded, the court gave the affirmative charge at plaintiff's request.

The evidence tending to show rescission of the sale and return of the animal was the testimony of one of the defendants, who detailed the circumstances of the purchase, including those of the subsequent discovery of the defective eye, the notice to the bank not to pay the purchase money check, his leaving the mule at Paint Rock, paying Mr. Webb the hitch bill, giving Ben Webb $1.50 "to carry the mule to the negro"—meaning the plaintiff—etc.

Witness Webb testified that:

"After Mr. Armstrong found out that the mule was unsound, he paid me $1.50 to go tell Ike [plaintiff] that he would not take the mule. I went over that evening and told the plaintiff that Mr. Armstrong said he would not take the mule, * * * that the mule was left at Paint Rock subject to his [plaintiff's] order."

The effect of plaintiff's testimony was that he sold the mule to defendants without misrepresentation; that after they purchased the mule it was not returned, nor offered to be returned, to him (at Madison), by defendants or any one for them; that he had not received it, and had never seen it again; that he "heard somebody say that he [the mule] was down there in the barn"—meaning at Paint Rock.

Witness Webb further testified that:

"Mr. Armstrong [defendant] also told me to tell plaintiff that if he would knock off $15 he would take the mule without having any trouble."

The distance from Madison to Paint Rock is about 11 miles.

[1-4] The evidence was insufficient to show rescission, and the return of the mule, or the tender thereof, to the plaintiff. That is to say:

"As a condition precedent to the exercise of the right of rescission, the party complaining must. if practicable, restore or offer to restore to the other what he has received from him by virtue of the contract."

The purchaser must place or offer to place in statu quo the vendor, if it is possible for him to do so. Consumers' Coal & Fuel Co. v. Yarbrough, 194 Ala. 482, 489, 69 South. 897, and authorities cited; King v. Livingston Mfg. Co., 192 Ala. 269, 274, 68 South. 897.

"This rule has no application, if it has become impossible for the party complaining to make such restitution, by reason of the conduct or default of the other party to the contract of sale. Johnson v. Oehmig, 95 Ala. 189, 10 South. 430, 36 Am. St. Rep. 204; Baker v. Maxwell, 99 Ala. 558, 14 South. 468; Hafer v. Cole, 176 Ala. 242, 248, 47 South. 757." Consumers' Co. v. Yarbrough, supra.

It is likewise inapplicable if the article or thing received and held is without value. King v. Livingston Mfg. Co., supra, 192 Ala. 274, 68 South. 897.

[5] If the purchaser relied on a tender of the mule, rather than on its actual return to the seller, the evidence fails to show that the offer of return was unconditional. Commercial Fire Ins. Co. v. Allen, 80 Ala. 571, 579, 1 South. 202; Odum v. Rutledge & Co., 94 Ala. 488, 496, 10 South. 222; Wilhite v. Ryan, 66 Ala. 106. Assuming that Armstrong's agent delivered the purchaser's message to Shinault (plaintiff), an unconditional offer by the purchaser to return the mule was not conveyed thereby, but, instead, an offer coupled with a proposed deduction of $15 from its price. There the matter rested, so far as this point was concerned.

As has been noted, defendant Armstrong, who purchased the mule, testified that upon discovering its defect he employed Webb to carry the animal back to plaintiff, but that witness "did not think Webb returned him." Armstrong cannot complain of a charge given on the theory that his own testimony was true and constituted the measure of his defense as to the matter about which he testified. His testimony fairly considered, shows that there had been no delivery of the mule, made to the plaintiff. The affirmative charge given at plaintiff's request may be justified upon this admission of the defendant, and in fact upon the whole evidence.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.