(102 So. 616)

## TRI-STATE CONST. CO. et al. v. FRIENDSHIP BAPTIST CHURCH.
### (6 Div. 187.)

(Supreme Court of Alabama. Jan. 15, 1925.)

1. Equity ⊂═66—Bill held not demurrable for failure to show offer by complainant to do equity.

Bill seeking cancellation of a certain mortgage and notes as a cloud on complainant's title *held* not demurrable for plaintiff's failure to do equity, where bill alleged that no consideration had passed to complainant for such notes and mortgage, and that work which had been done under a contract was of no value because of defendant's default.

**2. Quieting title ☞41—Demurrer held not to present question of failure of bill to show that complainant had met payments agreed on in contract.**

Demurrer to bill seeking cancellation of mortgage and notes as a cloud on complainant's title because bill failed to show an offer on complainant's part to do equity, *held* not to present question of failure of bill to show that complainant had met payments as agreed on in contract.

**3. Quieting title ☞34(4)—Bill held not demurrable for failure to show that complainant had met payments as agreed on in contract.**

Bill to cancel mortgage and notes as a cloud on complainant's title *held* not demurrable for failure to show that complainant had met payments as agreed on in contract, where bill alleged that such contract was rescinded by mutual agreement and that complainant had complied with all undertakings on its part.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity to cancel a mortgage by the Friendship Baptist Church against the Tri-State Construction Company and others. From a decree overruling demurrer to the bill, defendants appeal. Affirmed.

R. D. Coffman, of Birmingham, for appellants.

One who seeks relief in a court of chancery must himself do what is equitable. Tucker v. Holley, 20 Ala. 426; Martin's Heirs v. Tenison, 26 Ala. 738; Spann v. Nance, 32 Ala. 527; Smith v. Murphy, 58 Ala. 630.

Leader & Ullman, of Birmingham, for appellee.

Where the bill shows that no consideration was received by complaint, the bill has equity, even though complainant did not offer to do equity. Winters v. Powell, 180 Ala. 425, 61 So. 96; Dunn v. Barnum, 51 F. 355; Worthington v. Miller, 32 So. 748; Mobile L. & I. Co. v. Gass, 129 Ala. 214; Shannon v. Ogletree, 76 So. 865; 21 C. J. 175.

GARDNER, J. This bill is filed by the Friendship Baptist Church, a religious corporation, seeking the cancellation as a cloud on its title of a certain mortgage upon the church property therein described, and, also, the notes for the security of which said mortgage was executed. This appeal is from the decree overruling the demurrer to the bill.

There is but a single assignment of error, which is to the effect that the court erred in overruling that ground of demurrer, taking the point that the bill fails to show an offer on complainant's part to do equity, and that is therefore the sole question here for consideration.

The bill, as we read and understand it, seeks the cancellation of the mortgage upon the ground that it was executed without lawful authority and without consideration therefor to complainant, and, also, upon the ground that the mortgage was in fact executed to respondent Tri-State Construction Company, a foreign corporation, doing business in this state without having qualified therefor under the statutes of this state. Interstate Trust, etc., Co. v. Nat. Bank, 200 Ala. 424, 76 So. 356.

[1] The bill alleges no consideration has passed to complainant for said notes and mortgage, and that what amount of work that has been done under the last contract is of no value, and rendered so on account of respondent's default. Under these circumstances, therefore, the equitable maxim of "He who seeks equity must do equity," is without application. King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897; Morgan v. Gaiter, 202 Ala. 492, 80 So. 876; Lowe v. Shinault, 201 Ala. 593, 79 So. 22.

[2, 3] This is not the offer to do equity, however, that counsel for appellant insists upon, but to sustain this ground of demurrer counsel places reliance upon a failure of the bill to show complainant had met the payments as agreed upon in the contract. We are of the opinion that this particular assignment of demurrer is inapt to present that question. But, however that may be, it is noted that the agreement referred to appears in the first contract of October 20, 1921, which the bill alleges was rescinded by mutual agreement of the parties. Moreover, it is specifically averred in the bill that complainant "has complied with all of its undertakings on its part." In any event, therefore, the assignment of error is without merit, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.