(112 So. 356)

### ANDERSON v. FOSHEE et al.   (3 Div. 766.)

Supreme Court of Alabama.   April 14, 1927.

1. Indemnity ⬉15(6)—Count held not to show defendant's liability on undertaking to see that no debts of vendor became lien on property purchased by plaintiff.

Count alleging existence of debt due from vendor to another, and that plaintiff was compelled to pay it, *held* not to show defendant's liability under indemnity contract to see that no debts of vendor became lien or charge on property purchased by plaintiff.

2. Appeal and error ⬉1040(4)—Elimination of counts on demurrer held not prejudicial error, where plaintiff could prove entire case fully under remaining count.

Where, under remaining count, plaintiff could make proof of entire case as fully and completely as he could have done under counts eliminated on demurrer, elimination of such counts *held* not prejudicial error.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by I. O. Anderson against W. E. Foshee and W. S. Foshee. From a judgment for defendants, plaintiff appeals. Affirmed.

The complaint is in six counts. Demurrers were sustained to counts 3, 4, and 5, and the case was submitted and tried on counts 1, 2, and 6. On those counts the trial court instructed the jury that they could not find for plaintiff, and there was verdict and judgment for defendants.

The appeal is on the record only, and the only errors assigned are the rulings on demurrer.

Count 3 is as follows:

"The plaintiff claims of the defendants the sum of, to wit, $2,500 for this, that on, to wit, March 9, 1923, for a valuable consideration, the defendants entered into a contract with the plaintiff, a copy of which is hereto attached as Exhibit C and made a part of this complaint, and plaintiff avers that at the time of the execution and delivery of said contract the Foshee Lumber Company owed to the Western Railway of Alabama the sum of, to wit, $2,500, for the payment of which the said railway company made demand upon this plaintiff, and the plaintiff was compelled to pay the same, and the defendants have failed and refused to refund said sum of money to the plaintiff. Hence this suit."

Exhibit C, referred to, shows an undertaking by defendants, upon a consideration recited—

"to discharge all of said debts and obligations of said Foshee Lumber Company (i. e., obligations on account of building contracts) in such manner that none of them shall be a lien or charge upon any of the property sold by said Foshee Lumber Company to said I. O. Anderson, and * * * to hold him, his heirs, and assigns harmless from any and all damages and liability on account of any liens, incumbrances, or charges against any of said property."

Count 6 is as follows:

"Plaintiff claims of the defendants the sum of, to wit, $2,500 as damages for this, that on, to wit, January 3, 1923, Foshee Lumber Company, a corporation, assigned to plaintiff a certain lease with the Western Railway of Alabama, evidenced by a contract of lease attached thereto marked Exhibit B, said contract of assignment being attached hereto marked Exhibit A, and both being made parts hereof; that by virtue of said contract marked Exhibit B said railway company had a claim for the construction of the track described therein, amounting to, to wit, $2,311.04; that thereafter, to wit, on the 9th day of March, 1923, the defendants for a valuable consideration agreed with the plaintiff to pay said claim and to hold him harmless therefrom; that said railway company required plaintiff to pay said claim, which he did in, to wit, the sum of $1,659.34, and that defendants have failed and refused to repay said sum, with interest, to plaintiff."

Ball & Ball, of Montgomery, for appellant.

Counsel argue for error in rulings on demurrers, but without citing authorities.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellees.

If there was any error in sustaining demurrer to counts of the complaint, it was harmless, for the reason that the plaintiff had the benefit of the matters alleged in counts to which demurrer was overruled. Supreme Court rule 45; Bice v. Steverson, 205 Ala. 576, 88 So. 753; Yates v. Dobson, 213 Ala. 547, 105 So. 691; Harrell v. Hooks, 16 Ala. App. 571, 80 So. 145; Black v. Sloss Co., 202 Ala. 506, 80 So. 794.

SOMERVILLE, J. [1] Count 3 of the complaint fails to show that these defendants are liable to plaintiff under their indemnity contract, as shown by Exhibit C. Defendants' undertaking was not to pay all debts and obligations of the Foshee Lumber Company, but only to see that none of them became a lien or charge on the property pur-

chased by plaintiff from the lumber company, and to hold plaintiff harmless against such of those debts as were or became liens, incumbrances, or charges upon it. The count alleges the existence of a debt due from the lumber company to the Western Railway of Alabama, and that plaintiff was compelled to pay it; but it does not show that the debt had become, or would or could become a lien on any of the property intended to be protected. Several grounds of the demurrer aptly point out this defect, and the demurrer was therefore properly sustained.

We deduce from the pleadings and exhibits that the vital point of controversy between plaintiff and defendants is upon the status of the obligation of the lumber company to pay to the lessor railway company the cost of constructing a certain spur track on the lumber company's leased premises under penalty of cancellation of the lease contract in case of default therein; that is, whether, under the sale and transfer of that lease by the lumber company to plaintiff, that obligation was assumed by plaintiff, or remained the obligation of the lumber company, in view of a stipulation therein that plaintiff—

"assumes and agrees to perform the obligations therein [in the railroad lease contract with the lumber company] set forth."

[2] Under count 6 of the complaint, plaintiff could make proof of his entire case as fully and completely as he could have done under counts 4 and 5, and hence the elimination of the latter counts on demurrer was not prejudicial to plaintiff and cannot work a reversal of the judgment. Bice v. Steverson, 205 Ala. 576, 88 So. 753.

We find no prejudicial error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.