(130 So. 554)

### BERMAN BROS. IRON & METAL CO. v. STATE SAVINGS & LOAN CO.
### 6 Div. 679.

Supreme Court of Alabama.
Oct. 23, 1930.

10

Plaintiff's demurrer to this plea was overruled.

Defendant's demurrer to the foregoing count, and also count 4, was sustained.

Arlie Barber, of Birmingham, for appellant.

Nesbit & Sadler, of Birmingham, for appellee.

BOULDIN, J.

Whether count 3 be regarded as ex contractu, a claim for money paid in on a stock subscription with the privilege of withdrawal at any time with interest (in effect an option to declare it merely a loan), or be regarded as ex delicto, for the return of money obtained by misrepresentation of the incidents of such stock in the matter of withdrawal rights, it seeks, in either event, to recover money in the hands of defendant which ex aequo et bono belongs to the plaintiff.

Count 4 seeks to recover the same money, alleged to have been paid in as the result of deceit, and which defendant refused to return after rescission and demand on the part of plaintiff.

Under the common count for money had and received, plaintiff could recover on the same facts which would support a recovery under either count 3 or 4.

Where apt counts remain in the complaint imposing no heavier burden on the plaintiff than those stricken by demurrer, error, if any, in such ruling on demurrer, will not warrant taking a nonsuit and appeal because of such adverse ruling. Kennedy v. Lyric Theatre Co., 213 Ala. 153, 104 So. 274. Indeed, such error would be held harmless on appeal from final judgment. Anderson v. Foshee, 216 Ala. 78, 112 So. 356.

Plea special No. 3, setting up defendant's version of the transaction, is a good plea to the common counts. It is equivalent to a denial of the cause of action. It shows the subscription contract in writing called for the payment of a "cash membership fee of $5.00 per share," aggregating $500; that, upon payment of same, a certificate was issued to plaintiff reciting that payment of the membership fee was not payment on the stock, reciting that same was subject to the by-laws of the company, and reciting that the terms and conditions of the shares were defined in the by-laws.

The plea further avers that under the by-laws the membership fee was not withdrawable, but belonged to the company as a surplus fund; that, after this transaction, plaintiff made payments on the stock; and that all payments except the membership fee have been withdrawn prior to the bringing of the suit.

Plaintiff's special replication to this plea must be construed in connection therewith. If the representations set up in the replication are to be treated as promises of an agent, binding on the defendant as part of the contract, they contradict or vary the terms of the writing set up in the plea and admitted by the replication.

Construed must strongly against the pleader, this replication may be held to set up promises or stipulations touching withdrawal privilege as part of the contract, and as an inducement or consideration for signing the contract set up in plea No. 3, followed by a demand to carry out such promises. It is not claimed such stipulations were in the writing, the chosen memorial of the transaction. It is

not here claimed that they can be enforced as contractual obligations.

In another aspect the replication proceeds upon the theory of misrepresentations in the procurement of the subscription contract.

There is no claim of any trick or deceit touching the contents of the contract signed; no claim that its contents were not known at the time. The misrepresentation goes to the withdrawal privileges incident to the subscription for stock.

So construed, we think the replication gives no sufficient reason for the delay of three years, as therein shown, before asserting the right to rescind for fraud.

In view of the documents in plaintiff's hands directing them to the by-laws for information touching withdrawal rights, a mere statement that an offer to return the certificate and passbook, and a demand for refund were made within a year after discovery of the fraud, is insufficient.

In such case the offer to rescind, including offer to return or surrender the consideration, must be promptly made upon discovery of the fraud. 3 Michie's Digest, 364, § 191.

We may add the replication does not show with any certainty that defendant was ever notified of a purpose to rescind for fraud. The demand for refund is averred in connection with promises so to do, the contractual averments of the replication.

The demurrer to the replication was properly sustained upon grounds Nos. 17 and 34. We need not consider other grounds.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.