(135 So. 418)

## SOUTHERN BLDG. & LOAN ASS'N v. WALDROP.

### 7 Div. 799.

Court of Appeals of Alabama.
June 16, 1931.

. Lange, Simpson & Brantley, of Birmingham, for appellant.

Blackmon & Carter, of Anniston, for appellee.

SAMFORD, J.

Plaintiff entered into a written contract with the agent of defendant for the purchase of 50 units of the full participating capital stock of defendant's company, for which he paid $250 cash, as the initial payment. This transaction was had on January 18, 1929. Plaintiff claims that the contract and money was obtained from him by fraud and misrepresentation of the contents of the contract on the part of defendant's agent. To the complaint, as filed, defendant, among other pleas, pleaded the statute of limitations of one year. This was admittedly a good plea. To this plea plaintiff filed replication that he did not discover the fraud until April, 1930, which date was within the period of limitation. On the facts the defendant requested the general charge, which was refused.

It will not be necessary to consider any questions involved other than the refusal of the court to give the general charge as requested.

Where there has been fraud in inducing the making of a contract, the party defrauded may either rescind and sue to recover the money paid thereunder, or affirm the contract and sue in an action for deceit. Fairbanks, Morse & Co. v. Dees et al., 220 Ala. 41, 126 So. 624.

The burden is on the plaintiff in this case to show by the evidence, to the reasonable satisfaction of the jury, an offer to rescind the contract under which the money was paid, and an offer to return the consideration received, promptly after the discovery of the fraud. Berman Bros. I. & M. Co. v. State

Savings & Loan Co., 222 Ala. 9, 130 So. 555. The further burden rests upon the plaintiff of proving that the discovery of the fraud occurred within twelve months from the bringing of the action. Code 1923, § 8966.

We have sought diligently to find in the record evidence tending to prove a rescission of the contract and a demand for the return of the money on the ground of fraud. The only demand for a return of the money is contained in a letter written April 15, 1930, and signed by plaintiff more than twelve months after the stock had been issued and based upon an alleged contractual relation between the parties. There is no evidence as to when the fraud, if any, was discovered by plaintiff. The evidence in this record as to a demand for the return of the money presents a very similar case to that made by plaintiff's replication No. 3 in Berman Bros., etc., v. State Savings & Loan Co., 130 So. 554, 556,[1] in which the Supreme Court, speaking through Bouldin, J., said: "We may add the replication does not show with any certainty that defendant was ever notified of a purpose to rescind for fraud. The demand for refund is averred in connection with promises so to do, the contractual averments of the replication."

In the instant case we may add that in addition to the above there is no evidence tending to prove plaintiff's replication that the fraud was not discovered until the month of April, 1930, while the inferences to be drawn from the facts might lead the jury to infer that, having signed an application in which it was plainly stated that the $250 initial payment was not to be withdrawn at the pleasure of plaintiff, but on the contrary had written in the application in a separate paragraph, "I understand that my initial payment of $5.00 per Unit is not a part of the withdrawal value of the stock subscribed for"; in return for which application and cash the plaintiff received on January 23, 1929, a certificate of stock in which the contract was plainly and briefly stated as follows:

"This is to certify that J. A. or Ada Waldrop has subscribed for Fifty Units of the full participating Capital Stock of the Southern Building & Loan Association, and has paid into the Association, in accordance with and for the purposes set forth in the by-laws of said Association, the sum of ($250.00) Two Hundred Fifty Dollars.

"The legal holder of this Surplus Certificate, at such time as his proportionate share in the Surplus Fund of the Association, as defined in the by-laws, shall be equal to the amount represented hereby, shall, upon the surrender of this certificate, be entitled (1)

[1] 222 Ala. 9.

to have the amount represented hereby credited on his pass book, or (2) to convert same into an equal amount of any class of stock at such time being issued by the Association, or (3) to withdraw the amount represented hereby in accordance with the provisions of the by-laws.

"This certificate is transferable in accordance with the rules and regulations of this Association.

"In witness whereof said Association has caused its corporate seal to be hereto affixed and this certificate to be signed by its duly authorized officers this 21st day of January, 1929.

"S. E. Stricklin, Secretary.
"Gregory Johnston, President.
"Unit $100 Par Value."

And having these papers continuously in his possession, he was in position to have become familiar with the contents, for a period more than twelve months before April 15, 1930. Jones v. Coan, 146 Ala. 660, 41 So. 757; Kilby Loco. & Machine Works v. Lacey & Son, 12 Ala. App. 464, 67 So. 754.

We are of the opinion that, on the facts as they appear of record, the defendant was entitled to the general charge as requested, and for the error in refusing this charge the judgment is reversed, and the cause is remanded.

Reversed and remanded.

