141 So. 545

## SOUTHERN BUILDING & LOAN ASS'N v. ARGO.

### 6 Div. 99.

Supreme Court of Alabama.
March 31, 1932.

Rehearing Denied May 19, 1932.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Pennington & Tweedy and L. D. Gray, all of Jasper, for appellee.

ANDERSON, C. J.

As we view this action, counts A and B, it is for a rescission and recovery of the sums heretofore paid upon the ground of fraud or deceit in inducing the plaintiff to enter into the contract. The counts not only set out the fraud and deceit, but expressly charge that plaintiff demanded of the defendant a return of his money and tendered to the defendant the certificates of stock, and the defendant refused to refund said money to plaintiff and to accept the surrender of said stock. These counts are different from the one dealt with in the case of Sou. Bldg. & Loan Association v. Hughs, 222 Ala. 648, 133 So. 685.

██ It is a well-settled principle of law that where one is induced by fraud to enter into a contract he may rescind by restoring benefits and recover payments, or affirm, retain benefits, and sue in deceit for damages. Day v. Broyles, 222 Ala. 508, 133 So. 269. It is also well settled that an offer to rescind a contract for fraud and to return the consideration must be made promptly upon the discovery of the fraud. Berman Bros. Iron & Metal Co. v. State Savings & Loan Co., 222 Ala. 9, 130 So. 554; Comer v. Franklin, 169 Ala. 573, 53 So. 797; Young v. Arntze, 86 Ala. 116, 5 So. 253. And the right to rescind must be exercised not only promptly, but unreservedly. Gorman-Gammill Seed & Dairy Supply Co. v. Carlisle, 220 Ala. 116, 124 So. 288, Lowe & Armstrong v. Shinault, 201 Ala. 593, 79 So. 22.

██ It seems, however, that the rescinding party, on offering to restore what he has received under the contract, may couple his offer with a demand for the restoration to him of what was parted with. Black on Rescission, § 626, Mitchell v. Moore, 24 Iowa, 394, Stanford v. Smith, 163 Ark. 583, 260 S. W. 435. While the evidence of the plaintiff is not as full and clear as to a tender of the stock certificate as might be, we think it was sufficient to make a question for the jury as to whether there had been a sufficient offer to restore same. The plaintiff, when a witness, was asked: "'Did you take that stock over there? Just what was it that you said about having your stock with you and turning your stock over to them when they turned the money over?'" The witness answered: "'Yes sir, I told Mr. Strickland that.'" The jury could infer from this answer that plaintiff told Strickland he had the stock with him and would turn it over to them when they turned the money over.

The appellant, in effect, concedes that the question of fraud and deceit was for the jury, but contends that it was due the general charge because the evidence failed to show a sufficient offer to restore or tender the stock certificate upon a discovery of the fraud. As above noted, this was a question for the jury, and the trial court did not therefore err in refusing the general charge requested by the defendant.

██ The trial court did not err in permitting the plaintiff to testify that he paid the money over to Williams, the agent, upon what he told him. Hockensmith v. Winton, 16 Ala. App. 324, 77 So. 918, and cases there cited.

The judgment of the circuit court is affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

On Rehearing.

ANDERSON, C. J.

██ We are taken to task upon application for rehearing for applying an equitable rule as to a tender 'or restoration of the stock coupled with a demand for a restoration of what had been paid for same by the plaintiff. It is sufficient to say that this rule has been applied by this court in actions of law as well as equity. Jesse French Piano & Organ Co. v. Bradley, 138 Ala. 177, 35 So. 44.

The application is overruled.

GARDNER, BOULDIN, and FOSTER, JJ., concur.