# NATIONAL FINANCE CORPORATION v. ATKINS.

## 6 Div. 400.

Supreme Court of Alabama.

Oct. 12, 1933.

J. Edgar Bowron, of Birmingham, and Chas. R. Wiggins, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellee.

THOMAS, Justice.

The case involved alleged fraudulent representations made by an agent in the sale of common and preferred stock to plaintiff. The trial was had upon counts 1, 2, and 3. They are practically the same, except count 1 sues to recover the full amount paid to defendant for the two classes of stock, and the other counts seek recovery of the amount paid respectively for the two classes of stock. The suit is for rescission, based on fraud or deceit inducing the purchase averred as follows: "Plaintiff alleges that the said representations of the said agent were false in that the said defendant would not repurchase said stock at any time it was presented to the defendant corporation by the plaintiff. Plaintiff alleges that by means of said fraud, plaintiff was induced to and did pay said amount of money to the defendant to his damage as aforesaid."

The defendant introduced no evidence to deny the alleged deceit or fraud. The testimony showed that said representations were made to plaintiff by defendant who was induced to act thereby, and did not know, until a few months before suit was brought, that he had been so deceived; that upon having such knowledge, sought to rescind and return the certificates which were denied by the defendant.

There was no error in the rulings as to the plea in abatement that was duly submitted to the jury, and the finding was for the plaintiff on the issue of doing business in Walker county at the time of the inducement to the sale and its consummation. Farmers' & Ginners' Cotton Oil Co. v. Baccus, 207 Ala. 75, 92 So. 4; Friedlander Bros., Inc., v. Deal et al., 218 Ala. 245, 118 So. 508; Liberty Life Assur. Soc. v. Woodard, 219 Ala. 24, 121 So. 30.

The rules that obtain in such suits are stated in the recent cases, and need not be repeated. Southern Building & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367; Southern Building & Loan Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21; Bankers' Mortg. Bond Co. v. Rosenthal, 226 Ala. 135, 145 So. 456; Bynum v. Southern Building & Loan Ass'n, 223 Ala. 392, 137 So. 21; Americanized Finance Corporation v. Yarbrough, 223 Ala. 266, 135 So. 448; Southern Building & Loan Ass'n v. Argo, 224 Ala. 611, 141 So. 545; Kyser v. Southern Building & Loan Ass'n, 224 Ala. 673, 141 So. 648; Southern Building & Loan Association v. Wales, 224 Ala. 40, 138 So. 556.

It is the rule of our cases that matters of fact stated in the conjunctive must be proven to the reasonable satisfaction of the jury; and it is not sufficient to show the falsity of some of the several statements contained in the one representation declared upon, that such representation stated as an entirety is descriptive of the wrong complained of, and is not sustained by proof of the falsity of only a part of such representation. Cartwright v. Hughes, 226 Ala. 464, 147 So. 399.

The counts of the complaint were demurred to on the grounds that it was not averred that the stock purchased did not pay a 25 per cent. dividend, and did not aver that defendant's agent fraudulently represented to plaintiff that it would pay such dividend. The matter averred in furtherance of the "scheme and purpose to get the plaintiff to buy said stock in the Keystone Service Corporation" was that it was a good investment and that plaintiff could get his money out of the stock at any time he wanted it, and thereby it induced the plaintiff to part with his other shares of stock in another company and his money in the sums indicated. It is true there was the further averment in count 1 that the agent "represented to the plaintiff that the said stock would pay 25% dividend"; yet this was not relied or declared upon by the pleader as fraud or deceit, further spe-

cifically averring that the said representations of said agent were false in that the said defendant would not repurchase said stock at any time it was presented to the defendant corporation by the plaintiff. The grounds of demurrer directed thereto were not well taken.

The statement of facts and the fraud or deceit relied on were to like effect as that in the decisions by the Chief Justice in Southern Building & Loan Ass'n v. Argo, 224 Ala. 611, 141 So. 545, and Kyser v. Southern Building & Loan Ass'n, 224 Ala. 673, 141 So. 648.

The evidence was for the jury as to the truth or falsity of the alleged representations of the selling agent about two years previous to the rescission. It is urged that motion for a new trial should have been granted because of the failure or insufficiency of the evidence to show that the alleged statements which Bell made were false or constituted a fraud. The evidence was to the effect that the president of the company said "he didn't agree to pay it back to me and he did not pay it back"; and there is no denial of Bell's representations on the sale.

The motion for a new trial was properly overruled.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.