159 So. 245

**SOUTHERN LAND DEVELOPMENT CO. v. MEYER.**

**6 Div. 637.**

Supreme Court of Alabama.
Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

Martin, Turner & McWhorter, Walter Bouldin, and J. C. Blakey, all of Birmingham, for appellant.

Thos. Seay, of Birmingham, for appellee.

THOMAS, Justice.

The action was for money had and received on rescission of a contract of purchase of real property, induced thereto by a material misrepresentation of its location.

 Several propositions of law are established, as that such an action is in assumpsit, based upon a promise to repay that is implied by law (National Finance Corporation v. Atkins, 227 Ala. 393, 150 So. 351; Mutual Building & Loan Ass'n v. Watson, 226 Ala. 526, 147 So. 817; Bankers' Mortg. Bond Co. v. Rosenthal, 226 Ala. 135, 140, 145 So. 456; National Life & Accident Ins. Co. v. Baker, 226 Ala. 501, 147 So. 427; Southern Building & Loan Ass'n v. Argo, 224 Ala. 611, 141 So. 545); that one induced by fraud or a vitiating misrepresentation to enter into a contract may duly rescind and sue for the money had and received thereon, or may affirm the contract and sue in deceit for damages (Bankers' Mortg. Bond Co. v. Rosenthal, supra); and that the suppression of the truth as to the material fact may amount to an actionable falsehood, as when, with the intent to deceive, a party to the contract conceals or suppresses a material fact which good faith requires to be declared or disclosed, it is the equivalent of false misrepresentation and fraudulent concealment (American-Traders' Nat. Bank et al. v. Henderson, 222 Ala. 426, 133 So. 36; Griel v. Lomax, 89 Ala. 420, 6 So. 741).

 In Thompson on Real Property, vol. 5, § 4313, p. 427, the text—"Nothing but what is plainly injurious to good faith can constitute such a fraud as will form the basis of a rescission. A statement as to the value or area of land may be such a statement of fact as will entitle the other party to rescission. Any material misrepresentation as to the location of land, or the like, whether made innocently or with a fraudulent intent, will in general, entitle a person acquiring the land and relying on such statements to rescind the transaction and recover the amount paid by him on the purchase-price (Lockwood v. Fitts, 90 Ala. 150, 7 So. 467). False representations made by a vendor as to his title, though innocently made, upon which his vendee relies to his injury, may constitute such constructive fraud as will entitle the purchaser to a rescission (Baker v. Maxwell, 99 Ala. 558, 14 So. 468)"—is founded on our decisions. Davidson v. Brown et al., 215 Ala. 205, 110 So. 384; Williams et al. v. Bedenbaugh, 215 Ala. 200, 110 So. 286; Letson v. Mutual Loan Soc., 208 Ala. 285, 94 So. 288; Preston Motors Corporation v. Wood, 208 Ala. 172, 94 So. 70;

Stone v. Walker et al., 201 Ala. 130, 77 So. 554, L. R. A. 1918C, 839.

The facts generally stated are that in July, 1925, appellant negotiated with appellee for the purchase of lots 1 and 2 in block 4 of a survey of West End Manor, described in the contract and represented to be "in the City of Birmingham"; that she was shown the lots by a selling agent, though she did not know their location with respect to the corporate limits of that city; that, after paying some of the installments on these lots, she advised appellant's selling agent that she wished to purchase the two adjacent lots, numbered 3 and 4 of that subdivision, and entered into a like written contract therefor. She made default in her payments on lots 1 and 2, and all sums paid on that contract were by consent transferred to and credited on her purchase of lots 3 and 4. In both contracts the lots were described as being in West End Manor in the city of Birmingham, Jefferson county, Ala.

Interrogatories propounded under the statute by plaintiff to defendant, in evidence, show defendant's explanation of this misdescription of location to have been: "Defendant did enter into a contract with the plaintiff on July 9, 1925, wherein defendant agreed to sell to the plaintiff for $900, plus certain interest payments and taxes, two lots owned by the defendant. The lots were described in such contract as Lots 3 and 4 in Block 4, according to the survey of West End Manor in the City of Birmingham, Jefferson County, Alabama. This description was correct except for the words 'in the City of Birmingham.' Said misdescription was caused by the fact that the lots were sold under a contract form prepared for the sale of lots throughout the subdivision owned by the defendant and some of the lots in the subdivision were within the City of Birmingham."

It is admitted that the property described in the deed and abstract was 1,250 feet outside the limits of the city of Birmingham.

Appellee completed payment of the purchase price under her contract for lots 3 and 4; there was tender or delivery of a deed conveying lots 3 and 4 by the defendant to the purchaser about June 26, 1933; delivery of the deed and abstract tendered in execution of the contract to appellee's attorney, who thereafter, on July 20, 1933, notified appellant of the discovery that lots 3 and 4, according to the survey of West End Manor, were without the city limits, and that for this reason the delivery was not accepted as such,

the possession of the lots had not been assumed, and demanded repayment of the purchase price paid to the defendant by plaintiff.

If the misrepresentation of the vendor as to the true location had been equally open and visible by inspection, and plaintiff had not relied upon the representation of the location as employed in the contract, but relied upon her inspection made, the representation in question would not be material and within the rule of Porter v. Collins, 90 Ala. 510, 8 So. 80; New Orleans & Ala. Coal & Mining Co. v. Musgrove, 90 Ala. 428, 7 So. 747. She testifies she was uninformed otherwise than as her contract disclosed, and the selling agent misinformed her. The court could not say, under the evidence, as a matter of law, that the purchaser had information of the true location of the lots and that they were different from the description employed.

It is without dispute in the evidence that as soon as the deed, under contract and abstract of title, was delivered to her by defendant's agent, she referred it to her attorney for examination and report to her, that he duly reported that the court records disclosed the property to be without the city, and immediately authorized her attorney to return the deed and abstract as not a delivery under the contract, to exercise for her the right of rescission, and to demand a return of the purchase price.

The question of delivery and acceptance under the circumstances of the parties, the nature and duration of the contract in executory stages, and that of tender and acceptance of the deed and abstract, were for the jury. The contract was extended through the years, with its installment payments, requiring a week or ten days after completion of payments for defendant to tender or deliver the deed; it contained the express provision that, "When the purchase price of said lots has been paid, the seller will furnish the purchaser with an abstract of title assuming title in Southern Land Development Company and will execute to the purchaser a warranty deed conveying said property to the purchaser, warranting the title as of the date of this contract." This implied a reasonable time within which the purchaser should have to note compliance and examination of the title so tendered or with which she was sought to be invested. This is the course of a commercial abstract of title to real property. Baker v. Howison, 213 Ala. 41, 104 So. 239, 52 A. L. R. 1452. The court could not say, as a matter of law, that twenty days for such purpose was not a reasonable time within which to have the deed and abstract examined by plaintiff. This was a question for the jury—that is, to say whether the delivery was absolute or unconditional, and whether the title passed eo instante to the grantee under all the circumstances that entered into the execution of this contract. Arrington v. Arrington, 122 Ala. 510, 26 So. 152; Rhode Island Ins. Co. v. Walden, 217 Ala. 510, 116 So. 693; Gargis et al. v. Fore et al., 218 Ala. 102, 117 So. 679; 18 C. J. 213. If there was not a due delivery of the deed as per the completed contract, the title did not pass, and it was not necessary to execute or offer to reinvest by solemn conveyance the title in defendant before there may be a suit at law to compel the return of the purchase price. There was no error in refusing defendant's requested written charges A, B, C, D, and E.

When the parts of the oral charge to which exceptions were taken are considered in their context, and the whole of the oral charge illustrating such portions and the evidence on the point, no reversible error is shown. It was a clear statement of the respective contentions of fact, and the issues of notice and of a due rescission were properly submitted to the jury.

There was no error in overruling the motion for a new trial. The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.