126 So.2d 213

MID–STATE HOMES, INC.

v.

Lindberg JONES.

7 Div. 520.

Supreme Court of Alabama.

Jan. 12, 1961.

R. A. Norred, Anniston, for appellant.

Dempsey & Hardegree, Ashland, for appellee.

LAWSON, Justice.

The appeal is from a decree overruling a demurrer to a bill in equity.

The bill filed by Lindberg Jones against Mid-State Homes, Inc., seeks to enjoin the foreclosure of a mortgage and to have the mortgage cancelled as a cloud on complainant's title in so far as it purports to cover property owned by complainant.

Subject mortgage was executed on March 19, 1959, by Thelma Odell Jones to Jim Walter Corporation. It was assigned by Jim Walter Corporation to Mid-State Homes, Inc., on March 27, 1959. It is alleged that Mid-State Homes, Inc., has taken steps leading to the foreclosure of the mortgage.

The relationship, if any, between the complainant, Lindberg Jones, and the mortgagor, Thelma Odell Jones, does not appear in the bill.

According to the descriptions in the bill, the mortgage given by Thelma Odell Jones covers a strip of land approximately thirty feet deep and one hundred five feet wide situated in the northeast corner of a lot which the complainant owns in the town of Lineville, Clay County. The bill avers that Thelma Odell Jones has no title to this strip of land and had no right to mortgage it.

■ Only two grounds of the demurrer are argued here as having been well taken and it is the established rule that on an appeal from a decree overruling a demurrer to a bill in equity, we consider only the grounds of the demurrer which are adequately argued in appellant's brief. Groover v. Darden, 259 Ala. 607, 68 So.2d 28.

■ The respondent below, appellant here, insists that its demurrer should have been sustained because the bill does not offer to do equity and submit to the jurisdiction of the court. Grounds of demurrer took that point. We do not think there is merit in this contention because the bill does not disclose that there is anything in particular which complainant should offer to do as a condition to the relief which he seeks. Such an offer is only necessary when the bill discloses that there is something on the part of com-

**576**

plainant to be done which in equity ought to be done to entitle him to relief. Sykes v. Sykes, 262 Ala. 277, 78 So.2d 273; Head v. Carroll, 230 Ala. 688, 163 So. 328, and cases cited; Tri-State Const. Co. v. Friendship Baptist Church, 212 Ala. 333, 102 So. 616.

 The next insistence of the respondent below, the appellant here, is that the trial court erred in not sustaining the ground of demurrer which takes the point that there is a nonjoinder of necessary parties in that Thelma Odell Jones is not made a party. We agree with this insistence. It is a general rule in suits for rescission or cancellation that all parties to a contract sought to be cancelled are indispensable parties unless it is obvious that one not joined has no interest whatsoever in the subject matter of the suit. Elster v. American Air Lines, 34 Del.Ch. 500, 106 A.2d 202; Christian v. Hood, Tex.Civ.App., 19 S.W.2d 621. Also all persons whose right, interest or relationship with or through the subject matter of the suit would be affected by the cancellation or rescission should be brought before the court so that they can be heard in their own behalf. Cudd v. Reynolds, 186 Ala. 207, 65 So. 41; Bullen v. Trulove, 224 Ala. 677, 141 So. 671; Toklan Royalty Corp. v. Panhandle Eastern Pipeline Co., 168 Kan. 259, 212 P.2d 348; Cunningham v. Brewer, 144 Neb. 211, 13 N.W.2d 113, 16 N.W.2d 533.

The decree of the trial court overruling the demurrer is reversed and one is here rendered sustaining the demurrer. The cause is remanded for further proceedings.

Reversed, rendered and remanded with leave to appellee to amend within thirty days from the date on which the decree of this court reaches the Register in Chancery of the Circuit Court of Clay County.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.