PER CURIAM.
The respective contentions of the parties put into focus the dispositive issue here presented: Appellant contends that this is a tort action, and thus barred by the one-year Statute of Limitations; Appellee contends that it is a contract action, and thus governed by the six-year Statute.
*778 This action arose out of the purchase on July 23,1974, of a mobile home by Comer I. Brunson, Jr., and Mae Brunson from this defendant, Spanish Fort Mobile Homes, Inc. The buyers executed a Security Agreement and Retail Installment Contract form. Those parts of that form relevant here are item 5, “Total Down Payment,” and the “Terms of Seller’s Assignment.”
The “Total Down Payment” clause appears literally as follows:
5. TOTAL DOWN PAYMENT (_, (Trade-in Allowance)
minus $_, plus (Lien payoff)
$ 1001.50_) .$ 1001.50 (5) (Cash down payment)

Following execution of the contract, it was assigned by the defendant seller to Sebrite. The Terms of Seller’s Assignment contain, inter alia, this language:
Seller warrants that: . . . the down payment was made by the Purchaser in cash and not its equivalent, unless otherwise noted in the contract; Seller makes said warranties for the purpose of inducing Assignee to purchase the contract, and if any such warranties should be untrue, Seller shall buy the contract from the Assignee upon demand, and will pay therefor, the amount unpaid to Assignee thereon, plus any and all costs, expenses, and reasonable attorney fees paid or incurred by Assignee in respect thereto. Said remedy shall be cumulative and not exclusive and shall not effect any other right or remedy that the Assignee might have. . . . (emphasis added)
As stated in Sebrite’s amended complaint, “subsequent to the date of July 23, 1974,” the contract was assigned to the plaintiff, and “on or about October 20th 1976, Plaintiff became aware that the representations made in the Disclosure Statement were false . . . .” This action was filed on October 13, 1977.
In addition to its assertion that the representations of Defendant were false, Plaintiff alleged “that if the truth had been known . . . the Plaintiff would not have purchased the contract from the Defendant . . . and the Defendant misrepresented to the Plaintiff . . . for the purpose of inducing it to purchase said Contract.” Plaintiff then asked “that the contract ... be rescinded and that Defendant be required to buy the contract back from Plaintiff . . pursuant to the terms of the contract . . .”, costs and attorney’s fees.
The case was heard ore tenus by the trial Court without a jury. Its decree granted the relief prayed for, requiring Defendant to pay Sebrite the sum of $12,628.84 — representing Sebrite’s incurred costs (the balance due on the contract), including a reasonable attorney’s fee, and court costs.
Defendant contends that the action is based upon fraud; that Sebrite offered no evidence of any date upon which it first discovered the “fraud” charged in the amended complaint (§ 6-2-3, Ala.Code 1975); and thus Plaintiff’s action is barred by the one-year Statute of Limitations. Responding to this argument, Sebrite asserts that its action, though based on fraud, is ex contractu — the misrepresentation being expressly proscribed by the contract— and thus it is governed by the six-year Statute of Limitations provided in § 6-2-34, rather than § 6-2-39, Ala.Code 1975, the one-year Statute.
Ordinarily, actions to rescind a contract, alleging misrepresentation of material facts relied upon to the Plaintiff’s detriment, are statutorily grounded actions in tort provided in §§ 6-5-100, 101, 102, 103, and 104, Ala.Code 1975. Kyser v. Southern Building & Loan Ass’n., 224 Ala. 673, 141 So. 648 (1932); Southern Building & Loan Ass’n. v. Waldrop, 24 Ala.App. 362, 135 So. 418 (1931). But the election of remedies doctrine takes as its premise: Where the duty — the breach of which is the gravamen of the claim — arises both by contract and by operation of law, the Plaintiff is free to elect his action either ex contractu or ex delicto, and this without regard to Plaintiff’s motive. Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala.1976); *779 Vines v. Crescent Transit Co., 264 Ala. 114, 85 So.2d 436 (1955); and Tennessee Coal, Iron & Railroad Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459 (1952).
The question here is not the source of the duty to truthfully disclose the nature of the down payment (cash as opposed to “trade in”); indeed, the material contractual terms — prohibiting such misrepresentation — could hardly have been clearer. Rather, the question is whether the Plaintiff’s claim, as framed by the pleadings, tried by the evidence and responded to by the trial Court’s final decree, sounds in contract.
We think the answer is equally clear; and we hold that Plaintiff’s claim states an action in contract. The language of the statement of the claim tracks the provisions of the contract; avers that Defendant’s representations in the Disclosure Statement were false; and prays for the precise relief provided for in the contract in the event of its breach by way of such misrepresentation.
The evidence comports fully with the allegations of the statement of the claim; and the award of the trial Court grants the Plaintiff relief “pursuant to the terms of the contract,” i. e., “Seller [is ordered to] buy the contract from the Assignee . and . . . pay therefor, the amount unpaid to Assignee thereon, plus any and all costs, expenses, and reasonable attorney fees . . . .”
Given the Defendant’s contractual duty with respect to the truthful representation of the cash down payment, the Plaintiff could have pursued one of the statutory claims for fraud — subject, of course, to the legal incidences of a tort action (a shorter Statute of Limitations and, in some instances, a broader measure of damages). This option is made unmistakably clear by the provision in the contract: “Said [contract] remedy shall be cumulative and not exclusive . . . .” [1]
This “cumulation of remedies” clause could hardly be interpreted as words of restriction. Having the right to pursue its remedy in tort or contract, Plaintiff contends it chose to sue on the contract; and, for the reasons stated, we agree. Thus, the trial Court did not err in refusing to apply the one-year Statute of Limitations.
Appellant’s other allegations of error are without merit.
AFFIRMED.
TORBERT, C. J., BLOODWORTH, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
MADDOX and BEATTY, JJ., dissent.

. As an aside, two observations are appropriate: 1) Whether the tort claim for fraud would have been available absent the express contractual prohibition against such misrepresentation, we need not decide. This is not the issue before us. Fraud in the inception of a contract, as a basis for its rescission, may lay outside and beyond the contract terms (as in the case of implied representations), and each case must be decided on its own facts; 2) The use of the words “that the contract be rescinded,” in Plaintiffs prayer for relief, cannot be said to render the action one in tort, because the operative effect of the remedy provided by the terms of the agreement is a complete cancellation or rescission of the contract.